CLARENCE R. EDWARDS & others, special administrators, *vs.* CARLOTTA COCKBURN.

Suffolk.    December 1, 1925. — October 13, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Probate Court,* Issues for jury.   *Supreme Judicial Court.*

Upon an appeal from a decree of a probate court denying a motion, opposed by those named as executors in a will pending for probate, in which a woman asserting herself to be one of the next of kin of the alleged testator sought to have referred to a jury the issue, whether she was such next of kin, the mere facts, that one of those named as executors in the alleged will was a justice of this court and a petitioner for proof of

the will, that the proponents of the will had filed a petition to have struck from the record an appearance on behalf of the woman, and that the proponent who was a justice of this court was quoted incorrectly in a newspaper as making statements derogatory to that woman and had not taken newspaper methods to deny the authenticity of the quotation, did not as a matter of law require the reversal of the decree.

PETITION, filed in the Probate Court for the county of Suffolk on September 29, 1924, for proof .of the will of Lotta M. Crabtree, late of Boston.

On September 30, 1924, Clarence R. Edwards, William A. Morse, and William C. Wait were appointed special administrators.

An appearance was entered on behalf of Carlotta Cockburn as a respondent. On November 11, 1924, the petitioners filed a petition that such appearance be struck from the record. On December 11, 1924, Carlotta Cockburn filed a motion that the following issue be framed upon the petition to strike her name from the record: "Is said Carlotta Cockburn an heir at law and one of the next of kin of said Lotta M. Crabtree?"

This motion was heard by *Prest*, J., a stenographer having been appointed under G. L. c. 215, § 18, and was denied without a statement of the grounds of the denial. The respondent appealed.

*S. L. Whipple*, (*J. M. Hoy & J. B. Sullivan, Jr.*, with him,) for the respondent.

*F. H. Chase*, for the petitioners.

RUGG, C.J. Petition is pending in the Probate Court of Suffolk County for the allowance of an instrument purporting to be the last will of Lotta M. Crabtree, late of Boston, deceased. In response to the usual notice on that petition, citing into .court the heirs at law and next of kin of the deceased, Carlotta Cockburn filed an appearance. The persons named as executors, being the petitioners for the allowance of the will, moved that her appearance be stricken from the record on the ground that she is not an heir at law or next of kin of the deceased. Thereupon she filed a motion to frame an issue for trial by a jury to determine whether she is such heir at law and next of kin. That motion was denied. Her appeal from that decision brings the case here.

The simple denial of a motion presented to the Probate Court to frame jury issues in a kind of case where according to settled practice such issues may be framed in appropriate instances commonly would present no question of law not already settled by numerous recent decisions. *Fuller* v. *Sylvia,* 240 Mass. 49. *Wellington* v. *De Cordova,* 251 Mass. 229, and cases there collected. *Allen* v. *Guarente,* 253 Mass. 152. *Adams* v. *Blair,* 255 Mass. 152. *Johnson* v. *Talbot,* 255 Mass. 155. The denial of issues would rest in the sound judicial discretion of the Probate Court and ordinarily would not be disturbed, provided the principles of law and practice declared in these decisions were followed.

The present record presents a probate case where issues to a jury had not usually been framed under "the practice established by the Supreme Judicial Court in like cases" before the enactment of St. 1919, c. 274, § 7, now G. L. c. 215, § 16, whereby jurisdiction to frame issues in appropriate cases was conferred upon the probate courts. It was said in *Fiske* v. *Pratt,* 157 Mass. 83, 85, respecting an application for a jury issue similar to the present, "It seems to us . . . that before the will case is tried it should be determined upon a trial before the court alone whether there are any contestants of the will who are entitled to be heard." *McKay* v. *Kean,* 167 Mass. 524. *Davis* v. *Davis,* 123 Mass. 590. Instances are to be found where, for reasons which do not appear, jury issues have been framed in cases more or less similar to the case at bar. See, for example, *Lufkin* v. *Lufkin,* 182 Mass. 476, and *Phillips* v. *Chase,* 203 Mass. 556. Seemingly no contest was made on the framing of issues and the point whether they ought to be framed was not considered in any of those cases. When the question arose for discussion it was said, "that the thoroughly established practice of the Supreme Judicial Court for many years has been to frame issues for trial by jury in will cases alone." *Fuller* v. *Sylvia, supra.*

The denial of the motion in the case at bar was not based on any ruling of law. No ruling of law appears to have been made. The motion simply was denied. That action will not be reversed if it can be supported on any ground.

It is contended strongly that the case at bar presents such unusual circumstances as to require a different disposition and to render a denial of the motion erroneous in law, or at least to impel this court in the exercise of its supervisory and discretionary power to reverse the decision of the Probate Court. That contention is founded chiefly on the fact that one of the justices of this court is a petitioner for the allowance of the will of the deceased. Several main arguments are pressed with all their subsidiary implications. It is urged (1) that a justice of this as the appellate court has by the antagonistic position assumed by him declared in substance his belief that Mrs. Cockburn is not an heir at law and next of kin of the decedent, and thus is contending in the trial "court against a litigant in private station on an important issue of fact"; (2) that the proponents of the will have "injected without warrant on the facts of record or otherwise, elements that would be likely to make it difficult for the judge of probate to confine his consideration to those aspects of the case which are legitimate to the issue," and (3) that during the pendency of the hearing in the Probate Court the proponents of the will, including the justice of this court, were reported in Boston newspapers to have characterized improperly in interviews for publication in newspapers the claims of Mrs. Cockburn, among others claiming to be relatives of the decedent; and that, although counsel for Mrs. Cockburn accept the assurance of his counsel that Mr. Justice Wait said that he "said no such thing as he is reported to have said," there was "no public repudiation of the interview" and "the statement attributed to the justice remained uncontradicted for over two months." In brief, the contention is that the position of a justice of this court is of such extraordinary influence that it is not likely that a fair trial can be had on a question of fact in any case to which he is a party before a judge of any other court over whose decisions this court has revisory power by appeal; and that the only way in which a fair trial can be had is before a jury. This contention, as stated in the brief of Mrs. Cockburn, "implies not the slightest imputation upon either the member of the appellate tribunal or upon the judge of the

Probate Court." These contentions are urged notwithstanding the necessary underlying principle that no judge rightly can participate in the adjudication of any cause in which he has a private interest. It must be conceded that Mr. Justice Wait could not and would not sit in the consideration of any aspect of the case at bar which may come before this court. These contentions are founded solely on the official position of one of the proponents of the will and his conduct.

No discussion is required to demonstrate that no justice of this court ought to engage in the business of being executor, or administrator, or manager of estates. His energy, abilities and life are devoted to the service of the Commonwealth. It is provided in art. 29 of the Declaration of Rights of our Constitution that it is "not only the best policy, but for the security of the rights of the people, and of every citizen, that the judges of the Supreme Judicial Court should hold their offices as long as they behave themselves well; and that they should have honorable salaries ascertained and established by standing laws." Therefore, no outside activity ought to interfere with the full performance of judicial duties. Nevertheless, one cannot cease to be a human being when he becomes a member of this court. Everybody owes certain duties to family and kindred, to friends, and to good causes for the betterment of mankind. It is quite conceivable that a justice of this court, who has been as conscientious and careful as the lot of humanity will permit, may become a party to litigation in the Probate or other courts. If and when such an event happens, he ought not to be subject to special limitations or deprived of the operation of any principle of law applicable to other members of society. "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty, and property, according to standing laws." Art. 10 of the Declaration of Rights. That applies to judges as well as to others. All persons stand equal before the law.

There is no sound ground for the suggestion that the position of a justice of this court is such as to overawe the judicial faculty of other judges or even to cause their minds to waver in the balance. A judge worthy of his office is no respecter

of persons in ascertaining the facts or in declaring the law. Courts of justice cannot be administered on any other theory. The fact that a justice of this court is a party to litigation does not constitute such an unusual factor as to call for the application of any principle not equally applicable to cases where the parties are different.

Manifestly in the case at bar it must be apparent that the justice of this court has no personal interest entitled to consideration. His duty and interest are wholly fiduciary. The personal rights and proprietary interests of the beneficiaries ought not to be affected by his presence as a proponent of the will.

The attitude of the proponents of the will toward the contentions of Mrs. Cockburn does not appear to be founded on anything except their conception of their duties. That attitude, either alone or in conjunction with the other elements, does not make the case unusual or call for the invocation of any other principles than those which commonly guide judicial action.

The mere facts of a newspaper interview by a party during the progress of litigation and the fact that a party is wrongly quoted in a newspaper and that he does not take newspaper means of immediately denying the authenticity of the quotation, do not prevent him from invoking all pertinent principles of law to the decision of the merits of his case. Whatever may be said as to the propriety of any interview for newspaper publication concerning pending litigation or steps appropriate in that particular connection, there is nothing on this record in that respect relevant to the decision of the questions here presented.

It follows that no circumstances are shown calling for the application of any save the usual principles involved in the decision of motions for the framing of jury issues. There is nothing to indicate that there was any reversible error in law or of fact in the disposition of the particular motion here before us on appeal.

*Order denying motion of Carlotta Cockburn*
*to frame an issue for trial by jury affirmed.*