RUSSELL A. WOOD *vs.* BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CAMBRIDGE.

Middlesex. October 7, 1929. — October 10, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Schools and School Committee. Cambridge. Municipal Corporations,* Officers and agents. *Ballot. Primary. Constitutional Law,* Elections, Limitation of public office. *Words,* "Office or position."

The provisions of G. L. c. 43, § 32, prevent a member of the school committee of Cambridge from holding the office of mayor during the term for which he was elected to the school committee even if he resigns and otherwise ends his service on the school committee before the expiration of the term for which he was elected.

Such interpretation of G. L. c. 43, § 32, violates no provision of the Constitution of the Commonwealth.

A petition for a writ of mandamus to compel the board of election commissioners of Cambridge to receive petitions for the printing of the name of a member of the school committee upon the official ballot for an approaching primary as a candidate for the office of mayor, who would take office before the term of the member of the school committee would expire, properly was dismissed.

PETITION, filed in the Supreme Judicial Court of the county of Middlesex on September 6, 1929, by a member of the school committee of Cambridge whose term of office as such would not expire until December 31, 1931, for a writ of mandamus requiring the election commissioners of Cambridge to receive petitions for the printing of the petitioner's name upon the official ballot for an approaching primary as a candidate for the office of mayor.

The respondents demurred to the petition. The demurrer was heard by *Carroll,* J., who sustained it, ordered the petition dismissed and reported the case for determination by the full court.

The case was submitted on briefs.

*T. H. Mahony,* for the petitioner.

*P. J. Nelligan,* City Solicitor, & *J. E. Nally,* for the respondents.

RUGG, C.J.   This is a petition for a writ of mandamus whereby the petitioner, a member of the school committee of the city of Cambridge for a term expiring on December 31, 1931, seeks to compel the respondents, constituting the board of election commissioners of that city, to receive petitions for the printing of the petitioner's name upon the official ballot for the approaching primary as a candidate for the office of mayor.

It is provided by G. L. c. 43, § 32, which is applicable to the city of Cambridge, that ". . . No member of the school committee, except the mayor, shall, during the term for which he is elected, hold any other office or position the salary or compensation for which is payable out of the city treasury . . ." Confessedly the salary of the mayor is so payable. G. L. c. 43, § 62. The quoted words of § 32 are not open to misunderstanding or misconstruction. They signify that a member of the school committee during the time of the term for which he has accepted election cannot hold any other municipal salaried office. The terms for which members of the school committee must be elected are prescribed by § 31 of said c. 43. The quoted words of § 32 contain no exception. They do not make the inhibition conditional upon continuance in office as a member of the school committee. A member of the school committee who resigns or otherwise ends his service before the expiration of the term for which he was elected is as completely within its prohibition as one continuing his service to the end of the term. The mandate against holding other office with salary payable from the city treasury covers the same period of time as that for which he was elected. The sweep of that prohibition is independent of the consideration whether the individual after accepting election to the office fills out the full term for which he was elected or ceases for any reason to hold such office. By becoming a member of the school committee the individual brings himself within the scope of the statute and surrenders all right to hold any other office specified in § 32 during the term of his election to the school committee. By his own act he has suffered himself to be forbidden by statute to hold such

other office during that time. There are numerous decisions in other jurisdictions giving a similar interpretation to like words in election statutes. *Rowe* v. *Tuck,* 149 Ga. 88. *Wachter* v. *McEvoy,* 125 Md. 399, 407, 408. *Forman* v. *Bostwick,* 139 App. Div. (N. Y.) 333, 334. *State* v. *Carroll,* 57 Wash. 202. Other cases to the same point are collected in 5 Am. L. R. 120 *et seq.*

The quoted provision from § 32 as thus interpreted violates no provision of the Constitution. All persons possessing the requisite qualifications have a right to invite the votes of their fellows and to be elected to office. Art. 9 of the Declaration of Rights. All persons thus offering themselves for election must conform to reasonable regulations imposed by law. They have no constitutional right to give up one office in the midst of its term and before completing its stated period of service in order to seek another contrary to standing laws enacted for the general welfare. The statute here assailed was in existence before the petitioner became a member of the school committee of Cambridge. The office as thus bounded and limited was the one voluntarily accepted by him. He was obligated to take that office upon the conditions ordained by law. Having thus accepted office he cannot justly complain of the restraint thereby imposed upon his political aspirations in other directions. *Attorney General* v. *Pelletier,* 240 Mass. 264, 297. Neither the office of member of the school committee nor that of mayor is referred to in the Constitution. It was said by Chief Justice Shaw in *Taft* v. *Adams,* 3 Gray, 126, 130: "Where an office is created by law, and one not contemplated, nor its tenure declared by the Constitution, but created by law solely for the public benefit, it may be regulated, limited, enlarged or terminated by law, as public exigency or policy may require." *Graham* v. *Roberts,* 200 Mass. 152, 157. *Attorney General* v. *Tufts,* 239 Mass. 458, 480. In the exercise of the power conferred by c. 1, § 1, art. 4, of the Constitution of the Commonwealth the General Court may enact all manner of wholesome and reasonable laws not repugnant to the Constitution. The Legislature has the right to determine the qualifications of all public

officers not fixed by the Constitution, to establish their tenure and to attach thereto reasonable conditions. *Opinion of the Justices,* 138 Mass. 601, 603. *Commonwealth* v. *Plaisted,* 148 Mass. 375, 386, 387. *Opinion of the Justices,* 165 Mass. 599, 601. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1, 5. *Opinion of the Justices,* 240 Mass. 611, 613. It is within this ample grant of legislative authority to annex to the privilege of holding the office of member of the school committee the stipulation that the incumbent shall not, during the period for which he was elected, become a candidate for other salaried city office. Broad considerations of public policy well may be thought to support such a restriction upon the political activities of those charged with the delicate and important responsibilities of official supervision of the public schools. Provisions of the Constitution respecting incompatibility or plurality of offices, c. 6, art. 2, and art. 8 of the Amendments, have no reference to city or town offices and are not relevant to the question here presented for decision.

It is plain that the office of mayor is an " office or position " the salary for which is payable out of the city treasury. The definitions in G. L. c. 43, § 1, do not exclude the office of mayor from the inclusive classification of other posts on the salary list of the city forbidden by § 32 to a member of the school committee during the term of office for which he has been elected.

*Order dismissing petition affirmed.*