# SUPPLEMENT

OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

*Superior Court. Federal Selective Training and Service Act.*

Membership on a local draft board or on an appeal board, provided for by the so called Federal selective training and service act of 1940, and the holding of the office of chief justice or associate justice of the Superior Court would not be incompatible under any constitutional or statutory provision or at common law, nor would acceptance of such membership vacate such judicial office by implied resignation or otherwise.

On October 15, 1940, there was transmitted to the Justices the following resolution by the Governor and Council on that day:

WHEREAS, The President of the United States of America pursuant to the provisions of the Federal Selective Training and Service Act of 1940, has appointed from recommendations made by the Governor of this Commonwealth two Associate Justices of the Superior Court as members of local draft boards provided for by said act; and

WHEREAS, His Excellency the Governor has recommended to the President of the United States of America for appointment as members of appeal boards provided for by said act the Chief Justice of said court and seven Associate Justices thereof; and

WHEREAS, Doubt has arisen as to the compatibility of membership on said boards with said judicial offices and as to the effect of the acceptance by such judicial officers of membership on said boards; and

WHEREAS, Said judicial officers are undoubtedly willing to serve as members of said boards in the present national emergency, but naturally hesitate to accept mem-

bership on said boards while the legal effect of such acceptance is doubtful; and

WHEREAS, The delay in acceptance of such membership might have the effect of hampering the prompt and proper operation of the provisions of said Federal act; and

WHEREAS, If the acceptance of such membership by said judicial officers would result in vacating their judicial offices by implied resignation or otherwise the administration of justice might be seriously affected; therefore be it

ORDERED, That the Opinions of the Justices of the Supreme Judicial Court be required by the Governor and Council upon the following important questions of law: (1) Would membership on such a draft board or appeal board and the holding of such a judicial office be incompatible under the provisions of Article II of Chapter VI of Part the Second of the Constitution of the Commonwealth or of Article VIII of the amendments to said Constitution, or any other provision of said Constitution, or under the statutory law of the Commonwealth or common law?

(2) Would membership on such a draft board or appeal board and the holding of such a judicial office be incompatible under the Constitution and laws of the United States?

(3) Would the acceptance of membership on such a draft board or appeal board by such a judicial officer vacate said judicial office by implied resignation or otherwise?

On October 18, 1940, the Justices returned the following answers:

To His Excellency the Governor and The Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court, in reply to your order of October 15, 1940, a copy of which is hereto annexed, respectfully express their opinion as follows:

The questions of law upon which their opinion is required relate, as appears from the order, to the legal effect of

acceptance by judges of the Superior Court of appointments as members of local boards and appeal boards, provided for by the so called Federal Selective Training and Service Act of 1940, approved September 16, 1940, being Public Act Numbered 783, Seventy-sixth Congress.

The nature of the positions of members of local boards and appeal boards appears from the following provisions of § 10 (a) of the Act. The President of the United States is authorized thereby "to create and establish a Selective Service System, and shall provide for the classification of registrants and of persons who volunteer for induction under this Act on the basis of availability for training and service, and shall establish within the Selective Service System civilian local boards and such other civilian agencies, including appeal boards and agencies of appeal, as may be necessary to carry out the provisions of this Act. There shall be created one or more local boards in each county or political subdivision corresponding thereto of each State, Territory, and the District of Columbia. Each local board shall consist of three or more members to be appointed by the President, from recommendations made by the respective Governors or comparable executive officials. No member of any such local board shall be a member of the land or naval forces of the United States, but each member of any such local board shall be a civilian who is a citizen of the United States residing in the county or political subdivision corresponding thereto in which such local board has jurisdiction under rules and regulations prescribed by the President. Such local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe. Appeal boards and agencies of appeal within the

Selective Service System shall be composed of civilians who are citizens of the United States."

The order discloses that the Governor, in accordance with the provisions of the Act, has recommended for appointment by the President to local boards two judges of the Superior Court, and has also recommended for appointment to appeal boards eight judges of said court, including the chief justice thereof. The order discloses also that these judges are "undoubtedly willing to serve as members of said boards in the present national emergency" if membership in such boards is not legally incompatible with holding their judicial offices. It is apparent that if the appointments are not accepted by the judges the Governor will be called upon to make other recommendations for membership in such boards.

There are no express prohibitions in the Constitution of the Commonwealth of acceptance by Superior Court judges of appointments to membership in these boards. Part II, c. 6, art. 2, of the Constitution of the Commonwealth provides in part that "No . . . judge of the supreme judicial court, shall hold any other office or place, under the authority of this commonwealth, except such as by this constitution they are admitted to hold saving that the judges of the said court may hold the offices of justices of the peace through the state; nor shall they hold any other place or office, or receive any pension or salary from any other state or government or power whatever." This provision does not apply to judges of the Superior Court. There are other more specific prohibitions in this article relating expressly to judges of the Supreme Judicial Court and to judges of probate, but none of the prohibitions expressly or by reasonable implication refers to judges of the Superior Court. The provision in the article that "never more than any two offices which are to be held by appointment of the governor, or the governor and council, or the senate, or the house of representatives, or by the election of the people of the state at large, or of the people of any county, military offices and the offices of justices of the peace excepted, shall be held by one person," however, obviously is broad enough

to include in its prohibition a judge of the Superior Court. But no question is now presented as to any judge holding more than two offices. And while the office of judge of the Superior Court is clearly within the class of offices therein described, a position on a local board or on an appeal board under the Act now in question is not within that class of offices.

Article 8 of the Amendments to the Constitution of the Commonwealth provides that "No judge of any court of [in] this commonwealth (except the court of sessions)" shall hold certain specified offices. While a judge of the Superior Court is within this prohibition the specified offices do not include positions as members of local boards or of appeal boards. This article provides further that "judges of the courts of common pleas shall hold no other office under the government of this commonwealth, the office of justice of the peace and militia offices excepted." It is unnecessary to consider whether the words "judges of the courts of common pleas," as here used, include judges of the Superior Court, or whether the position of member of a local board or of an appeal board is an "office" within the meaning of this Amendment since it is clear that neither of these positions is an "office under the government of this commonwealth." The positions are created by an Act of Congress of the United States, and appointments to such positions are made by the President of the United States. The fact that appointments are made upon the recommendation of the Governor of this Commonwealth does not render the positions offices "under the government of this commonwealth." The statement of the court in *Commonwealth* v. *Hawkes*, 123 Mass. 525, 528, that "we cannot doubt that the intention of the Constitution, as amended, was to exclude the judges of all organized courts, established to administer the judicial power of the Commonwealth, from sharing in the exercise of the supreme legislative or executive power," is not inconsistent with this conclusion. The court was there considering the question whether a special justice of a police court was within the provision of this Amendment that "No judge of any

court of [in] this commonwealth (except the court of sessions) . . . shall . . . have a seat in the . . . house of representatives of this commonwealth." The court obviously was referring to "the supreme legislative or executive power" of the Commonwealth, though the Amendment contains an express provision that no such judge "shall continue to hold his said office after being elected a member of the Congress of the United States, and accepting that trust."

The thirtieth article of the Declaration of Rights of the Commonwealth provides for a separation of governmental powers among three departments of government — the legislative, the executive and the judicial — and provides, with like provisions relating to other departments, that "the judicial [department] shall never exercise the legislative and executive powers, or either of them." By express words these provisions relate to the exercise of powers "in the government of this commonwealth." The powers that would be conferred on an individual holding the office of judge of the Superior Court by his appointment as a member of a local board or of an appeal board would not be either legislative or executive powers in such government. They would be powers in the government of the United States. Moreover, though a judge of the Superior Court is a part of the judicial department of the government of this Commonwealth, the powers that would be conferred upon him by his appointment as a member of a local board or of an appeal board would be conferred upon him as an individual, and not as a part of the judicial department of the Commonwealth. Compare 1 Op. Atty. Gen. 233. See also *Shaw* v. *Paine*, 12 Allen, 293, 296; *National Webster Bank* v. *Eldridge*, 115 Mass. 424, 428; *In re Bishop's Estate*, 250 Fed. 145. For these reasons, if not for others, this article of the Declaration of Rights does not preclude acceptance by judges of the Superior Court of appointments as members of local boards or of appeal boards. No other express constitutional provision requires consideration.

Such limitations as there may be upon the power of the United States to confer jurisdiction upon courts of this

Commonwealth or to impose duties upon the judges thereof (see *County of Hampden* v. *Morris*, 207 Mass. 167, 169; *County of Berkshire* v. *Cande*, 222 Mass. 87; *Keegan* v. *Director General of Railroads*, 243 Mass. 96, 99; *Goulis* v. *Judge of District Court*, 246 Mass. 1, 6–7) have no bearing upon voluntary acceptance by a judge of the Superior Court as an individual of appointment as a member of a local board or of an appeal board.

G. L. (Ter. Ed.) c. 220, § 11, providing that "No person who holds a judicial office under the laws of the United States shall hold any judicial office of this commonwealth, except that of trial justice or justice of the peace" — whatever may be its effect in the case of a person within its terms — has no application to membership in a local board or an appeal board. In our opinion membership in such a board does not constitute holding "a judicial office under the laws of the United States." No other statute of the Commonwealth purports in general or specific terms to prohibit a judge of the Superior Court from being a member of such board.

No provision of the Constitution of the United States renders incompatible the office of judge of the Superior Court and a position on a local board or on an appeal board. Nor does the Act of Congress now in question by which the President is authorized to create such boards, with certain limitations as to membership therein and certain powers somewhat broadly defined, purport, either specifically or in general terms, to render incompatible the office of judge of the Superior Court of this Commonwealth and the position of member of either of those boards. These offices and positions are not rendered incompatible by reason of any provision of that Act, unless on the ground that the duties imposed by that Act and any "rules and regulations prescribed by the President" under authority thereof upon members of such boards — a matter considered later — have that effect. And we know of no other Federal statute that would have that effect.

There remains for consideration the question whether, apart from constitutional and statutory provisions dealing

expressly with incompatibility of offices, there is legal incompatibility between the office of judge of the Superior Court and the position of member of a local board or of an appeal board. The question of the expediency under existing conditions of such a judge's serving as a member of any such board is not and could not be submitted for our opinion. Compare *Opinion of the Justices*, 301 Mass. 615, 617. The comprehensive and detailed provisions of the Constitution of the Commonwealth relating to incompatible offices may, perhaps, furnish some indication that offices not referred to therein, either specifically or under some general classification, are not to be deemed incompatible offices. But the common law principle of incompatibility of offices has been recognized in this Commonwealth as applied to city and town offices which are not within these constitutional provisions (*Wood* v. *Election Commissioners of Cambridge*, 269 Mass. 67, 69) where the duties of the offices are in their nature incompatible, as, for example, where one office has supervisory powers over the other. *Gaw* v. *Ashley*, 195 Mass. 173. *Barrett* v. *Medford*, 254 Mass. 384. *Attorney General* v. *Henry*, 262 Mass. 127, 132. Assuming, however, that these common law principles are applicable to the office of judge of the Superior Court, we are of opinion that the duties of that office and those of the position of member of a local board or of an appeal board are not incompatible with respect to the nature of their duties. The office and the position are in no way related. It may be that it would be possible for a case to come before the Superior Court involving the action of such a board. But this possibility seems remote and the result would be merely the disqualification of the judge to hear the case. See *Edwards* v. *Cockburn*, 257 Mass. 153, 157. And an occasional disqualification of a judge to hear a case pending in the court of which he is a member does not preclude his continuing to hold the office, particularly where, as in the Superior Court (see G. L. [Ter. Ed.] c. 212, §§ 1, 2) there are other judges qualified to hear the case. See, as to the special duties of the chief justice, G. L. (Ter. Ed.) c. 213, § 1.

In our opinion there is no incompatibility according to the principles of the common law between the office of a judge of the Superior Court and the position of a member of a local board or of an appeal board, apart from the element of the time required by the performance of the duties of such a member diverted from the performance of his duties as a judge. Doubtless the statutes relating to the Superior Court contemplate that a judge thereof shall not accept any office or position, governmental or other, that interferes with the performance of his duties as a judge, unless by reason of public exigency. See *Edwards* v. *Cockburn*, 257 Mass. 153, 157. The acceptance of a position as a member of a local board or of an appeal board, in the existing circumstances, is not the ordinary case of accepting an office or position other than that of judge. The defence of the United States, of which this Commonwealth is a part, is primarily a matter in the control of the government of the United States. The Congress of the United States has formally declared in the Act of Congress now under consideration that "it is imperative to increase and train the personnel of the armed forces of the United States," and this Act was passed for that purpose. The local boards and the appeal boards provided for by the Act are created to further that purpose. They are composed of civilian citizens serving thereon as a matter of public duty, and it is not to be assumed that a judge of the Superior Court is debarred by his official position from participation as a citizen in service of this nature not inconsistent with his judicial duties. It is impossible to determine from the Act the time that members of such boards will be required to expend in the performance of their duties as such members. It may be, however, that the work will require considerable time, and that judges serving on such boards will have somewhat less time by reason of such service to devote to the performance of their duties as judges. But it is not to be expected that the service required of them on such boards will leave them in a position where they cannot still perform a substantial part of their judicial work. We are of opinion that in these cir-

cumstances the position of a member of a local board or of an appeal board is not to be regarded as legally incompatible with the office of judge of the Superior Court, and that acceptance of such a position under present conditions will not amount to vacating or impliedly resigning the office of judge of the Superior Court. Whether, if it should later appear that the performance of the duties of a member of a local board or of an appeal board by a judge of the Superior Court will leave him in a position where he cannot still perform a substantial part of his duties as such judge, he should seek to be relieved from membership on such board need not now be considered.

It follows from what has been said that in our opinion each of the questions submitted must be answered "No."

FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.
ARTHUR W. DOLAN.
LOUIS S. COX.
JAMES J. RONAN.