MARY E. RUSSELL, administratrix, *vs.* COUNTY OF WORCESTER.

Bristol.   October 25, 1948. — February 11, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Clerk of Court.   County.*

The office of county commissioner is incompatible with the office of clerk of a District Court in the same county.

Upon a clerk of a District Court entering upon the duties of county commissioner in the same county after having been elected to and qualified for that office, the office of clerk became vacant.

CONTRACT. Writ in the Superior Court dated December 7, 1939.

An amended declaration sought recovery from the county of "the emoluments of" the office of clerk of the First District Court of Southern Worcester from January 7, 1937, up to and including September 22, 1939, the date of the death of the plaintiff's intestate.

Besides the facts stated in the opinion, it appeared that "some time in the fall of 1936" Francis E. Cassidy had "discontinued performing the duties of clerk," that the judge of the court had appointed one H. Elwin Burgess as temporary clerk under G. L. (Ter. Ed.) c. 218, § 9, and that Burgess was not reappointed after Cassidy had assumed the office of county commissioner. The bill of exceptions states: "The clerk's salary was $200 per month. This salary was paid to the above mentioned Burgess."

The case was heard by *Voke, J.*, who found for the defendant after denying the following requests for rulings: "1. On all the evidence the plaintiff is entitled to recover." "4. As a matter of law the court would be warranted in finding that the office of county commissioner of the county of Worcester was incompatible with the office of clerk of the First District Court of Southern Worcester. 5. The plaintiff's intestate became entitled to the office of clerk at least upon his taking oath before the then Governor."

In this court the case was submitted on briefs.

*H. W. Radovsky & J. J. Harrington*, for the plaintiff.

*A. T. Saunders & P. L. Hinckley*, for the defendant.

LUMMUS, J. The plaintiff's intestate, Philip J. Russell, was appointed on January 7, 1937, clerk of the First District Court of Southern Worcester. He presented himself for duty, but the judge of that court would not permit him to serve. On July 29, 1937, he became seventy years of age, and "in no event could occupy the office of clerk of the District Court after that date." *Russell* v. *Secretary of the Commonwealth*, 304 Mass. 181, 186.[1] The plaintiff brings

---

[1] There were two petitions for writs of mandamus, filed on April 17, 1937, by Philip J. Russell to compel the Secretary of the Commonwealth to issue a commission as clerk and to compel Francis E. Cassidy to refrain from assuming office as clerk. The cases were declared moot and were dismissed because, before they were decided by this court, the petitioner became seventy years of age and became disqualified under a retirement statute from holding the office sought by him. — REPORTER.

this action of contract to recover the salary of that office from January 7, 1937.

It appeared that one Francis E. Cassidy, prior to November 3, 1936, was the clerk of said District Court, but on November 3, 1936, was elected one of the county commissioners of the county of Worcester. On January 6, 1937, he took his oath as county commissioner, and entered upon the duties of that office. He never resigned as clerk, but in the fall of 1936 he ceased to act as such. In this action, the ground upon which the judge found for the defendant was that the offices of clerk of a District Court and county commissioner are not incompatible, and that Mr. Cassidy could hold both offices at the same time, with the result that there was no vacancy in the office of clerk to which the plaintiff's intestate could be appointed. The exceptions of the plaintiff bring the case here. If the offices should be held to be incompatible, Mr. Cassidy would have vacated the office of clerk by accepting that of county commissioner. *Commonwealth* v. *Hawkes*, 123 Mass. 525, 529, 530. *Russell* v. *Secretary of the Commonwealth*, 304 Mass. 181, 185. *State* v. *Goff*, 15 R. I. 505. *Kobylarz* v. *Mercer*, 130 N. J. L. 44. *State* v. *Anderson*, 155 Iowa, 271.

The decisive question is whether the offices are incompatible. They are not expressly made incompatible by any constitutional or statutory provision. But offices may be incompatible at common law because the nature of their duties is such as to render improper the holding of both offices by one person. Where the holder of one office is the superior of the holder of the other, or has discretionary power to review the action of the holder of the other, the offices are incompatible. *Opinion of the Justices*, 307 Mass. 613, 620. *Barrett* v. *Medford*, 254 Mass. 384, 386. *Attorney General* v. *Henry*, 262 Mass. 127, 132.

A reference to the statutory duties of a clerk of a District Court and a county commissioner at the time of the events in this case discloses few points of contact. Such a clerk accounted for funds in his hands to the county treasurer. G. L. (Ter. Ed.) c. 218, § 47. If the elected county treasurer was unable to act, the county commissioners might appoint

a temporary treasurer. G. L. (Ter. Ed.) c. 35, § 2. The county commissioners fixed the amount to be expended by the clerk of a District Court for clerical assistance. G. L. (Ter. Ed.) c. 218, § 69. The expenditures of clerks for law books, blanks, stationery and incidentals were audited by the county commissioners, but the commissioners had no discretionary power with regard thereto. G. L. (Ter. Ed.) c. 218, § 39. The county commissioners designated the town in which the clerk's office was to be established, and his travelling expenses incurred in attending sessions at a town where he did not live were subject to their approval. G. L. (Ter. Ed.) c. 218, § 81. The county commissioners had the care of the property of a county used by a clerk, and had the management of all business and affairs of a county in cases where not otherwise expressly provided. G. L. (Ter. Ed.) c. 34, § 14.

Although there are few points of contact between the clerk of a District Court and a county commissioner, there are enough, in our opinion, to make the offices incompatible. The county commissioners have control of the expenses of such a clerk for clerical assistance and travelling expenses, in which the clerk has a direct interest. They determine the town in which his office is to be located. More remotely they concern themselves with other matters connected with his duties.

On the undisputed facts we think that there was a vacancy in the office of clerk which was filled by the appointment of the plaintiff's intestate, and that the plaintiff is entitled to recover, but the extent of her recovery we need not determine at this time. The exceptions to the denial of the requests for rulings numbered 1, 4 and 5 must be sustained, with the result that a new trial must be had.

*So ordered.*