*Western District*

## CLARKE K. STEDMAN
### v.
## CITY OF GARDNER

*Present*: Riley, P. J., Hobson & Garvey, JJ.

Case tried to *Constantino, J.* in the First District Court of Northern Worcester. No. 18100.

Argued: May, 1962—Decided: June, 1962

*Garvey, J.* The plaintiff seeks to recover $646.53 alleged to be due him for work performed for the defendant city as a firefighter between July 14, 1958 and September 13, 1958. The city, in its answer, denies responsibility. The case was submitted to the trial judge on a statement of agreed facts. He found for the defendant and reported the case at the request of the plaintiff, who claims to be aggrieved by his finding, and to the denial of certain of his requests for rulings of law.

The agreed facts show that in 1951 the plaintiff was duly appointed a permanent firefighter under classified civil service in the

fire department of the defendant. In 1955, while still a firefighter, he was duly elected one of eleven councillors of the City of Gardner for a two year term commencing in January of 1956, and on November 5, 1957 was re-elected to another two year term commencing in January, 1958. During 1957, as councillor, he was a member of its Public Safety Committee "which committee had charge of the Fire Department", but did not have the "authority to direct or control the administration of the fire department". By provision of the city charter the Chief of the Fire Department is the department head, and his appointment and removal by the Mayor, is subject to confirmation by the members of the Council.

On December 16, 1957 the Council voted to establish a $300. annual salary for each member for the year 1958. On September 3, 1957 the Chief of the Fire Department duly promulgated certain rules and regulations concerning the conduct of members of the Fire Department, one of which provided:

> "No paid firefighter shall take any active part in politics or hold any political office".

A printed copy of said Rules and Regulations were given to each member of the Fire Department including the plaintiff. Copies were also posted on bulletin boards at the three fire stations of the city.

The plaintiff's fixed salary was $76.71 weekly. He worked and was paid regularly until July 13, 1958 at which time the city

auditor, upon advice of the then city solicitor, withheld his approval of payment of the plaintiff's salary for that and subsequent weeks. The plaintiff, nevertheless, continued to report for duty and performed his duties as a firefighter until removed from his position on September 13, 1958. He made due demand for payment. During the period, July 13 to September 13, 1958, his name appeared on the weekly payroll voucher prepared and signed by the Chief.

On September 5, 1958 under the appropriate sections of G. L. c. 31, the Chief duly notified the plaintiff in writing of his intention to remove him as a firefighter, assigning as the reason that the plaintiff was then "holding the office of City Councillor in the City of Gardner, a position incompatible with his duties as a firefighter". A hearing was held on September 12, and on the following day, by order of the Chief, the plaintiff was removed from his position effective forthwith. The plaintiff, who apparently preferred political office to fire fighting, concedes the validity of those proceedings.

It was the duty of the trial judge and it is our duty to order the correct judgment on the agreed facts. Requests for rulings have no standing and need not concern us. *Quintin Vespa Co., Inc. v. Construction Service Company,* 343 Mass. 547, 551; *Rock v. City of Pittsfield,* 316 Mass. 348, 349. An action of contract is the correct method to test the validity of the plaintiff's claim. *Weiner v.*

*Boston,* 342 Mass. 67, 68. *James v. Mayor of New Bedford,* 319 Mass. 74.

The rights of the parties are to be determined with due consideration given to the statutes and principles of law relating to incompatibility, sometimes called conflict of interests, and tenure of position assured permanent civil service employees by statute, and more important, when the incompatibility was first duly asserted by the defendant.

G. L. (Ter. Ed.) c. 39, §6a in its pertinent part provides:

> "Notwithstanding the provisions of any city charter to the contrary the mayor and the members of the city council or other legislative body of a city, shall receive for their services such salary as the city council or other legislative body of said city shall by ordinance determine, and shall receive no other compensation from the city."

The fact that an annual salary of $300. was voted by the council, rather than by the adoption of an ordinance as required by the statute, need not concern us as we are of opinion that the phrase "shall receive no other compensation from the city" is limited to compensation for the performance of their duties as councillors and is not intended to apply to work performed in other branches of the city government.

G. L. (Ter. Ed.) c. 39, §8 reads:

> "No member of the city council, shall, during the term for which he was chosen, either by appointment or by election of the city council, or of

either branch thereof, be eligible to any office the salary of which is payable by the city".

This section is aimed at preventing a member of a city council, during his term of office, persuading his brother councillors to appoint or elect him to a salaried city office. The plaintiff here was appointed a permanent firefighter in 1951. The members of the 1958 council had nothing to do with his "appointment or election". We do not think it necessary, as we find this section does not apply to the plaintiff, to consider the meaning of the word "office" as it is used in this section. It might well mean that the restriction applies only to appointment or election to "public office" and not to a firefighter who, it would seem, is more properly classified a public employee as distinguished from a public officer. See: *Attorney General v. Drohan,* 169 Mass. 534; *Brown v. Russell,* 166 Mass. 14.

In *Barrett v. Medford,* 254 Mass. 384, it was held that members of the school committee of the City of Medford could not elect one of their members to the position of school physician, stating at page 386:

> "The duties he is to perform as physician are incompatible with the supervisory duties which as a member of the committee he should exercise over the incumbent of the office of school physician. Consistently he cannot be master and servant".

To the same effect see *Gaw v. Ashley,* 195

Mass. 173; *Mastrangelo v. Board of Health of Watertown*, 340 Mass. 491. Citing the *Barrett and Gaw cases, Attorney General v. Henry*, 262 Mass. 127, held invalid, the election of a member of the board of selectmen to the office of superintendent of streets, saying at page 132,

> "His personal and selfish interest as superintendent of streets would prevent him from having as a member of the board of selectmen an eye single to the interest of the public. His duties as superintendent of streets are repugnant to the supervisory duties which as a member of the board of selectmen he must under the law exercise over the superintendent of streets."

While it might be held the plaintiff's duties as a firefighter to be incompatible with his office as councillor, (compare *Opinion of Justices*, 307 Mass. 613; *Russell, Adm. v. County of Worcester*, 323 Mass. 717) as was found to be the case by the Chief with which the plaintiff does not quarrel, there must also be considered the protection afforded him as a permanent classified civil service employee under G. L. c. 31. §43 (a) of this chapter in part provides that:

> "Every person holding office or employment under permanent appointment in the official or labor service of the commonwealth or of any . . . . city, shall have unlimited tenure of office or employment, subject to the provisions of this chapter and the rules made thereunder. He shall not be discharged, removed, suspended for a period ex-

ceeding five days, laid off, transferred from such office or employment without his consent, lowered in rank or compensation, nor shall his office or position be abolished, except for just cause and for reasons specifically given him in writing".

The purpose of this chapter is the protection of tenure in office or position of those in classified civil service. The plaintiff was entitled to its benefits. *Horrigan v. Mayor of Pittsfield,* 298 Mass. 492, 498; *Feehan v. Chief Eng. of Taunton,* 264 Mass. 178, 180. There seems to be only three ways a civil service employee can be separated from his position, namely, death, resignation or by removal proceedings. The chief could have initiated removal proceedings in January of 1958 when the plaintiff assumed the office of councillor, or earlier when he was running for office for violating a rule of the department. He chose to wait until September permitting the plaintiff in the interim to continue to work as a firefighter.

The city doesn't contend that the plaintiff automatically forfeited his position as a firefighter when he took the office to which he was re-elected. It seems to claim that July 13, 1958, when the city auditor first withheld his approval for payment of the plaintiff's salary, is the date on which he was separated from the city's service. The auditor possessed no such power of removal. That authority rested solely with the chief, the appointing authority, whose action of removal against the plaintiff was commenced on September 5, 1958

and terminated on September 13, 1958. The plaintiff was entitled to the protection of the civil service statutes and until the removal proceedings were instituted and concluded he was secure in his position and entitled to be compensated for the services he rendered the city between July 14, 1958 and September 13, 1958. The question of the city being estopped to deny liability, having accepted the plaintiff's services, has not been argued and we do not deem it necessary to consider this issue.

The finding for the defendant is to be vacated and a finding entered for the plaintiff in the amount of $646.53, with interest.

N. Parnes ,of Gardner, for the Plaintiff.
E. Turcotte, of Gardner, for the Defendant.