·EDWARD CABA *vs.* PROBATE COURT FOR THE COUNTY OF HAMPDEN & another.

Suffolk. November 9, 1972. — February 16, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Municipal Corporations,* Town council. *Jurisdiction,* Justiciable question, Qualification of member of public body. *Words,* "Qualification."

Where it appeared that a town adopted a home rule charter which prohibited a member of the town council from holding any other office or position, the salary or compensation for which was payable out of the town treasury, and which provided that "[a]ny incumbent official of the town . . . [might] be a candidate for any office to be filled" at the election of the first town council, and that the powers of the first town council should not be effective until the January following its election, it was held that the charter, read as a whole, did not intend that the prohibition against dual office holding apply until that January and, therefore, that a person's simultaneous holding of the positions of councilman and selectman before that January could not be considered relevant to his qualification to hold the position of councilman. [135–136]

A provision of a home rule charter of a town, that the "town council shall be the judge of the election and qualification of its members," did not confer on the council the power to exclude or expel a member for a cause which as matter of law was not disqualification. [135–136]

Where it appeared that a home rule charter of a town prohibited a member of the town council from holding any other position, the

salary or compensation for which was payable out of the town treasury, and provided that the "town council shall be the judge of the election and qualification of its members," it was held that the council in voting, on the basis of such prohibition, to remove a selectman from his position as a member of the council after he had served as such member for a month, was not acting as the "judge of the election and qualification of" such member. [136]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on August 30, 1972.

The case was reserved and reported by *Reardon,* J.

*Michael P. Curran (Robert D. Smith* with him) for the petitioner.

*Lawrence T. Bench,* Assistant Attorney General, for the respondents.

*Matthew J. Ryan, Jr.,* for Joseph M. Faucette, amicus curiae.

REARDON, J. The town clerk of Agawam and clerk of its town council, Edward Caba, has brought this petition for a writ of prohibition to restrain the respondent Probate Court for Hampden County from hearing, determining, or taking any further action in the case of Joseph M. Faucette against him and another, an equity proceeding brought in that court.

In 1971 the voters of Agawam adopted a home rule charter changing the form of government of that town.[1]

---

[1] The relevant sections of the new charter can be summarized as follows:

a) Section 2-1 (a) provides in part that the "town council shall be the judge of the election and qualification of its members."

b) Section 2-1 (b) provides that only voters who at all times during their term of office are residents of the town are eligible to hold the office of councilman.

c) Section 2-5 prohibits a councilman from holding any other office or position, the salary or compensation for which is payable out of the town treasury.

d) Section 10-7 (b) provides for a special election of the first town council under the new charter. "Any incumbent official of the town may be a candidate for any office to be filled at this election."

Section 10-7 (d) provides: "The town council elected at the said special election shall meet to organize and shall assume their office on the first secular day of July following their election." That section goes on to provide that the powers of the council will not be effective until the first secular day of January next following, and that in the meantime the council will appoint a town manager and take other

On June 6, 1972, an election was held for the town council taking office under the new charter and Faucette was elected, his election being certified on June 13, 1972. Faucette was, and is, chairman of the board of selectmen of Agawam under the existing frame of government. The salary for that position is payable from the town treasury.

At a meeting of the newly elected town council the question was raised whether Faucette could continue to serve as a selectman until December 31, 1972, while also sitting on the council. The town counsel gave an opinion that he could so serve but the council on August 1, 1972, voted by a majority of eight to seven to remove Faucette from the office of town councilman because of the prohibition of § 2–5 of the charter. On August 7, 1972, Faucette filed an equity petition in the Probate Court seeking a declaration that the town council's vote was null and void, and injunctive relief preventing the respondents in the equity petition (Caba and the fourteen other members of the town council) from interfering with his right to participate in proceedings of the town council.

The probate judge issued a temporary restraining order, which was continued in effect on August 23, 1972. Caba and the other equity respondents then filed a demurrer asserting that the Probate Court lacked jurisdiction of the subject matter, which was overruled. On August 30, 1972, Caba filed this petition for a writ of prohibition, and thereafter, on September 15, 1972, filed in the Probate Court a notice of removal of the Faucette petition to the Superior Court under G. L. c. 215, § 6, notifying the register of probate at that time by letter that the notice of removal was solely to protect the rights of the respondents therein, and that he did not submit

steps to prepare for the transition to the new form of town government.

Section 10–7 (f) provides in part: "The board of selectmen in office at the time of the special election shall continue to serve in that office until December 31 of that year."

to the jurisdiction of the Superior Court.   On September 25, 1972, Caba was permitted to amend the petition for a writ of prohibition to include the Superior Court as a respondent.   The case is before us on the reservation and report of the single justice.

We must first consider whether any court of the Commonwealth has jurisdiction over the subject matter of Faucette's petition.   Caba points out that the last sentence of § 2–1 (a) of the charter provides that the "town council shall be the judge of the election and qualification of its members," and argues that where the local elective body is vested with this power the courts do not have jurisdiction to judge the qualifications of members of such a body.   He relies heavily on *Peabody* v. *School Comm. of Boston*, 115 Mass. 383, as support for this proposition.   In the *Peabody* case, a woman was elected to the school committee and a seat was denied her by the majority of the other members because she was a woman. Raising the issue of jurisdiction sua sponte, the court interpreted the charter as manifesting the intention of the Legislature that in Boston the question of the right of any person to a seat on the school committee should be at once and finally determined by the body of which such person claimed to be a member, reasoning that such procedure was more expeditious than judicial proceedings. If we assume we would follow the reasoning or adopt the result of the *Peabody* case today, the present case is distinguishable on at least two grounds.[2]

In the *Peabody* case, the charter provided that the school committee "shall have authority to decide . . . upon *all questions* relative to the qualifications, elections and returns of its respective members" (emphasis supplied).   P. 386.

The Agawam charter states merely that the town council shall be the "judge of the election and qualification of its members."   However, we share the opinion of the town counsel that the new Agawam charter, read as a

[2] Our hesitancy in the premises arises from *Powell* v. *McCormack*, 395 U. S. 486.

whole, does not intend that the prohibition against dual office holding apply until January 1, 1973. Therefore, Faucette's simultaneous positions as councilman and selectman could not be considered relevant to his "qualification." We do not think that the language of § 2–1 (a) of the Agawam charter confers on the council the power to exclude or expel a member for a cause which as matter of law is not a disqualification. See *Powell* v. *McCormack*, 395 U. S. 486.

Furthermore, unlike the *Peabody* case, the council did not refuse to seat Faucette but attempted to remove him after he had served for a month. At that point the council was not acting as the "judge of the election and qualification of its members."

Since the petitioner has been afforded an ample remedy by the removal of his case to the Superior Court we find no need to rule on the argument that the Probate Court lacks jurisdiction of this matter.

An order shall enter in the county court dismissing the petition.

*So ordered.*