James G. MULLEN, JR., Plaintiff

vs.

TOWN OF MILTON, ET AL, Defendants

No. 136049

Superior Court/Norfolk County
Commonwealth of Massachusetts

April 26, 1982

William Carr, counsel for plaintiff.
Robert O'Leary, counsel for defendant.

### FINDINGS, RULINGS, ORDER AND MEMORANDUM OF DECISION ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

#### Introduction

This action came before the court on April 15, 1982 for hearing on the parties' cross-motions for summary judgment. At issue is the legality of the plaintiff's simultaneously holding two municipal offices to which he was elected on March 6, 1982. For the reasons set out below, the plaintiff is in fact and in law entitled to simultaneously hold the offices to which

he was elected and judgment is to so enter.

**Facts**

The facts are not in dispute. On March 6, 1982, the plaintiff Mullen ("Mullen") was elected as one of the three members of the Board of Selectmen of the Town of Milton. Mullen then was simultaneously re-elected to the office of Town Clerk, which office he had immediately previously held for six consecutive one-year terms. In the March 6, 1982 election term for the office of Town Clerk was extended for the first time to three years.

Mullen was administered the oaths of office as a Selectman on March 9, 1982 and as Town Clerk on March 13, 1982. On March 11, the other two Milton Selectmen refused to sign a warrant authorizing payment to Mullen of his weekly salary as Town Clerk for the week ending March 12. The Milton Town Counsel then declared the office of Town Clerk vacant on the ground that one person could not hold both offices and Mullen was removed from the payroll. The office of Town Clerk is a full-time position. Its salary of $21,700 had been Mullen's only income. Mullen had declared his intention not to accept a Selectman's annual compensation of $2500.

Mullen commenced this action on March 23, 1982, seeking injunctive relief and a declaration that he could legally serve in both offices to which he had been elected. A justice of this court restrained the other two Selectmen from appointing a permanent Town Clerk[1] but denied Mullen's application for a preliminary injunction pending a hearing on the merits.

Both parties have filed motions for summary judgment.

**Rulings of Law**

The parties agree that there is no explicit constitutional or statutory prohibition against the simultaneous holding by one person of the offices of Selectman and Town Clerk. They have informed this court that there are no relevant provisions in the Milton Town Charter or Bylaws. They did not provide, nor was this court able to discover, any Massachusetts case law which directly addresses the issue presented by this action.

As a general rule, "[a]ll persons possessing the requisite qualifications have a right to invite the votes of their fellows and to be elected to office." **Wood v. Election Commissioners of Cambridge,** 269 Mass. 67 (1929). Such persons must, of course, conform to reasonable regulations imposed by law. **Id.** In **Wood** an elected school committee member sought to run for the office of mayor. A statutory provision explicitly denied him the right to hold simultaneously both positions and the Supreme Judicial Court upheld the constitutionality of such a restraint. **Id.** at 69. See also, the more recent decision in **Osetek v. City of Chicopee,** 370 Mass. 110 (1976), which is to the same effect.

In the absence of express constitutional or statutory provisions, courts may be required to apply the common-law doctrine of incompatibility of office to determine whether a particular instance of simultaneous dual office-holding is proper. See generally, 63 Am. Jur. 2d, Public Officers and Employees, sec. 73; 3 E. McQuillin, Municipal Corporations, sec. 12.67 (3d Ed. rev. 1973). Generally speaking, "offices may be incompatible at common law because the nature of their duties is such as to render improper the holding of both offices by one person," **Russell v. County of Worcester,** 323 Mass. 717 (1949).

There appears to be no reported Massachusetts decision in which a court examines the compatibility of two **elective** offices. The leading cases involve situations in which a person elected to one office is subsequently appointed to another, or **vice versa.** The opinions do not, however, distinguish between elective and appointive office. The typical analysis rather focuses on the ways in which the two offices in question impinge upon one another. Generally speaking,

---

1. They have since appointed a temporary Town Clerk.

"[w]here the holder of one office is the superior of the holder of the other, or has discretionary power to review the action of the holder of the other, the offices are incompatible." **Russell** at 719.

In **Russell**, a court clerk was elected county commissioner. There was no express statutory prohibition. The Supreme Judicial Court examined the statutory duties of each office. County commissioners controlled the clerical and traveling expenses of a court clerk, determined the town in which his office would be located, and concerned themselves more remotely with his other duties. These points of contact were few, in the opinion of the Court, but sufficient to make the offices incompatible. **Id.** at 720.

Even more immediately suspect was the simultaneous dual office holding of the respondent in **Attorney General v. Henry,** 262 Mass. 128 (1928). Henry was a member of the Board of Selectmen of his town, who was appointed Superintendent of Streets by the Board. The Court found that the Superintendent was compensated and supervised by the Selectmen and served at their pleasure and ruled that the offices were clearly incompatible. **Id.** at 132.

It appears to this court that the office of Milton Town Clerk in this action is not sufficiently subject to the supervision of the Milton Selectmen as to make the two offices incompatible at common law. Under G.L.c. 41, sec. 1 a town clerk, as with selectmen, must be elected by the voters of a town at its annual meeting. The occupant of the office is not among those appointed by the selectmen. Also, a town clerk's duties are independent of the Selectmen. G.L.c. 41, sec. 15.

While selectmen must approve the payments of bills and payrolls for all town departments, including a town clerk's, they may disallow only fraudulent, unlawful or excessive payments. G.L.c. 41, sec. 52. The salaries and budget for a town clerk's office are set by the voters at town meeting, not by the selectmen. Thus, selectmen do not have discretionary or supervisory power over a town clerk's pay or expenditures.

A town clerk may be elected at any town election, G.L.c. 41, sec. 10. Selectmen are not authorized to fill vacancies in the office of town clerk except under very limited circumstances. G.L.c. 41, secs. 11, 14. They cannot remove a town clerk from office.[2]

A town clerk serves **ex officio** as a registrar of voters. G.L.c. 51, sec. 15. Other registrars are appointed, and may not hold other office. G.L.c. 51, sec. 25. The defendants suggest the anomaly of allowing Mullen as a registrar to hold office as selectman, while denying to the other selectmen the privilege of serving as registrars. This is not persuasive: the General Court could have extended its prohibitions to the Town Clerk, but did not. The role which a town clerk assumes in municipal elections does not in itself render improper his holding other offices, since a town clerk is itself an elective office. If a town clerk must disqualify himself upon occasion in connection with his election as clerk, he can surely do so in connection with other offices should the need arise.

The defendants point to G.L.c. 41, sec. 21, which expressly authorizes selectmen to act as other specified town officers with the approval of the voters. It is significant to the defendants that a town clerk is not listed among the specified officers. However, it is significant to this court that the General Court felt the voters capable of making such a determination without regard to potential incompatibility. With voter approval, selectmen may act as water, light, sewer and park commissioners, assessors, and members of boards of health, safety and public works. This court sees no greater incompatibility in the two offices to which the voters of Milton have elected Mullen.

---

2. There is one exception to this latter statement. Selectmen may remove a **tenured** town clerk for cause under extraordinary circumstances not relevant here, where a town has accepted the provisions of G.L.c. 41, secs. 19B-19E.

Case law is scarce involving the compatibility of the two **elective** offices. In a case decided in New Jersey a person was simultaneously elected mayor of his city and "chosen freeholder" in his county. The New Jersey Court held these positions incompatible because the person elected would be required to engage in frequent contract bargaining. "No man," said the Court, "...can sit on both sides of a bargaining table." **McDonough v. Roach,** 35 N.J. 153, 171 A. 2d 307, 309 (1961).

It appears to this court that in the absence of direct supervision, adversarial contacts of other obvious forms of incompatibility, a court should be reluctant to interfere with the choice of voters in a democratic society. The voters of Milton could amend their charter to prevent this sort of simultaneous dual office-holding. Other Massachusetts towns have done so. See, **Harrington v. Selectmen of Tisbury,** 369 Mass. 652 (1976); **Caba v. Probate Court for County of Hampden,** 363 Mass. 132 (1973).

This court will not step in, where the voters of Milton have declined to do so, and restrain a duly elected public officer from simultaneously holding two positions which are not patently incompatible. In the words of Article IX of the Massachusetts Declaration of Rights:

> All elections ought to be free; and all the inhabitants of this commonwealth, having such qualifications as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments.

In sum, the voters of Milton knew what they were doing when they selected Mullen to hold two elective offices and a court should not subvert the most fundamental right of citizens in a democratic society, that is, to freely and effectively choose their elected officials.

**Orders**

On the basis of the above findings and rulings the defendants' motion for summary judgment is accordingly **denied,** and the plaintiff's motion for summary judgment is **allowed.**

By the Court,
**Paul G. Garrity**
**Justice of the Superior Court**