LOUIS MASTRANGELO *vs.* BOARD OF HEALTH OF
WATERTOWN.

Middlesex.    February 3, 1960. — March 8, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Municipal Corporations,* Officers and agents.

A purported appointment by a town's board of health of one of its mem-
bers to the office of public health physician of the town, made without
authorization by vote of the town, was invalid under G. L. c. 41, § 4A,
and it was immaterial that the appointee resigned from the board im-
mediately after such purported appointment.

PETITION, filed in the Superior Court on October 2, 1956,
for a writ of mandamus commanding the respondent to
recognize the petitioner as holding the position of public
health physician.

Eugene F. Gorman was allowed to intervene.   The case
was heard by *Hudson,* J.   The petitioner appealed from a
judgment dismissing the petition.

*James C. Gahan, Jr., (Paul A. Kelley* with him,) for the
petitioner.

*Thomas C. Menton,* for the respondent.

*Robert J. Glennon,* for the intervener.

WHITTEMORE, J.   The judge in the Superior Court rightly
ordered the entry of final judgment dismissing the petition
for a writ of mandamus.   The petitioner's claim to the office
of public health physician of the town of Watertown de-
pends on the vote of the board of health on February 26,
1956, to appoint the petitioner to the position.   When that
vote was taken, the petitioner was a member of the board.
General Laws c. 41, § 4A, as amended by St. 1951, c. 6,
provides, "Except as otherwise expressly provided, a town
board may, if authorized by vote of the town, appoint any
member thereof to another town office or position for the

term provided by law, if any, otherwise for a term not exceeding one year. The salary of any such appointee shall be fixed by vote of the town, notwithstanding the provisions of section one hundred and eight [boards, with exceptions, fix the salary of their appointees]. In this section, the word 'town' shall not include city. The provisions of this section, so far as apt, shall apply to fire, water, light and improvement districts."

The statement of agreed facts on which the case was heard does not show that the town had voted to authorize the board of health to do this. An opinion given by town counsel to the board of health stated that "there appears to be no [such] vote of the town."

The statute, except for the last sentence, was enacted by St. 1929, c. 36. The case of *Attorney Gen.* v. *Henry*, 262 Mass. 127, 132, was decided January 5, 1928, and held that a board of selectmen could not properly elect one of their number superintendent of streets where they were to fix his compensation, supervise his acts, and determine when he should be removed, citing *Gaw* v. *Ashley*, 195 Mass. 173, and *Barrett* v. *Medford*, 254 Mass. 384.

The statute, enacted soon after that decision, provides by necessary implication that only in accordance with its terms may the board make such an appointment. It is inconsequential that the petitioner resigned immediately after taking the action which purported to make him town physician and that some emphasis in the cases is on the incompatibility of holding two positions having repugnant duties. It is conclusive that the statute uses the word "appoint."

We do not reach the other asserted grounds of invalidity of the action of the board.

*Judgment affirmed.*