FRANK TEED vs. TOWN OF RANDOLPH & others.

Norfolk.    May 6, 1964. — June 19, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Municipal Corporations,* Officers and agents.

Where a town, under a warrant article proposing authority to the board of assessors "in accordance with" G. L. c. 41, § 4A, "to appoint one of . . . [its] members to another office or position" and to fix his salary, voted a sum larger than the then salary of an assessor "for a full-time office or position," and thereafter the board "appointed" as "a full-time assessor at the authorized rate of compensation" one of its members who had been elected to the office of assessor after having retired from former employment by the town, his service as "full-time" assessor was not in "another town office or position" by appointment under § 4A, but only in the "public office [of assessor] to which he . . . [had] been elected by direct vote of the people" within the exception in c. 32, § 91, so that payment to him of the larger salary for such service was not barred by § 91. [654]

A vote of a town fixing a higher salary for a "full-time" assessor than the salaries of the other members of the board of assessors impliedly authorized the board to designate the member to perform the full time service subject to termination thereof at the will of the board. [654–655]

BILL IN EQUITY filed in the Superior Court on December 17, 1962.

The suit was heard by *Bolster, J.*

*Russell S. Riley & Charles George,* for the plaintiff, submitted a brief.

*William J. Carr,* Town Counsel, for the defendants.

WHITTEMORE, J.    The plaintiff has appealed from the final decree on his bill for declaratory relief.    The declaration sought was that the plaintiff was entitled "to hold the office of [and to be paid as] full-time assessor" of the town notwithstanding a vote of the board of assessors on December 4, 1962, by which "his service as full-time assessor was terminated" on December 9.    The final decree ruled that from and after October 23, 1962,[1] the plaintiff was not en-

---

[1] October 23, 1962, was the effective date of St. 1962, c. 743, which by § 1 repealed § 9 of St. 1950, c. 639.    The repealed § 9 had authorized the director of civil service, supported by a majority vote of the commission, to approve the

titled to receive compensation as full time assessor and that he was "not wrongfully ousted from the position . . . on December 9, 1962," since "he then held the position in violation of" G. L. c. 32, § 91.

General Laws c. 32, § 91, as amended through St. 1961, c. 367, provided: "No person while receiving a . . . retirement allowance from the commonwealth or from any county, city or town, shall, after the date of his retirement be paid for any service rendered to the commonwealth or any county, city, town or district, except . . . for service in a public office to which he has thereafter been elected by direct vote of the people."[2]

The judge found material facts as follows: In 1957 the plaintiff retired from his position of building inspector and assessor and he has since been receiving a retirement allowance. At the annual town meeting on April 23, 1962, he was elected assessor at a salary of $1,200. An article in the warrant proposed authority to the assessors "in accordance with" St. 1929, c. 36, which inserted § 4A in G. L. c. 41, "to appoint one of their members to another office or position under their control, and fix the salary of such person."[3] Under this article the adjourned town meeting, on May 15, 1962, voted the sum of $2,896 "for a full-time office or position for six months of 1962." After the meeting the assessors "appointed . . . [the plaintiff] a full-time assessor at the authorized rate of compensation." On December 4, 1962, the assessors voted that the plaintiff be relieved of his duties as "Full Time Assessor . . . on . . . December 9th, 1962 because . . . [of a ruling by town counsel]." There-

---

temporary reëmployment of retired officers or employees of the Commonwealth and its political subdivisions during a declared civil defence emergency. When so reëmployed, a retired officer or employee could be paid the difference between his retirement allowance and the full salary for his temporary services. The basis for the assumed relevance of that statute to the plaintiff's work as a full time assessor does not appear.

[2] Subsequent amendments do not change the section in relevant respects.

[3] General Laws, c. 41, § 4A, provides that "[e]xcept as otherwise expressly provided, a town board may, if authorized by vote of the town, appoint any member thereof to another town office or position for the term provided by law, if any, otherwise for a term not exceeding one year," and that the "salary of any such appointee shall be fixed by vote of the town, notwithstanding the provisions of" § 108.

Teed *v.* Randolph.

upon one of the other two assessors was "appointed to the Full Time assessors's position" and the plaintiff on December 9, 1962, "resumed serving in the office of assessor at an annual salary of $1200."[4]

The town counsel had advised the board in substance that from and after October 23, 1962, the plaintiff could not be paid as full time assessor because of G. L. c. 32, § 91, and the repeal of St. 1950, c. 639, § 9.

The judge ruled that the plaintiff "was not 'elected' to the position of full-time assessor 'by direct vote of the people' of Randolph." This ruling gives controlling weight to the circumstance that action of the board was necessary to enable the plaintiff to receive the compensation fixed for an assessor working full time. The plaintiff contends that the "service rendered [by him] to the . . . town . . . [was only] service in a public office to which he . . . [was] elected by direct vote," precisely within the specification of G. L. c. 32, § 91. Hence, the plaintiff contends, he was not "appointed" to any office other than the one to which he was elected. We agree with the plaintiff in this contention, but rule that he had no right to compensation as full time assessor after December 9, 1962, for the assessors' vote of December 4, 1962, was effective in accordance with its terms.

The effect of the town's vote of May 15, 1962, was merely to fix the salary of such assessor as should by choice of the board work full time in his elected office of assessor. This complied with the provision of G. L. c. 41, § 108: "The salary and compensation of all elected officers of a town shall be fixed annually by vote of the town . . . ."[5] No vote, as proposed in the article, to authorize the assessors under G. L. c. 41, § 4A, to "appoint . . . to another office or position" was required.[6] Passing a vote that fixed the

---

[4] The date on which the plaintiff began to be paid as full time assessor does not appear. Authority to pay an assessor for full time service at least until December 31, 1962, has apparently been assumed.

[5] No issue has been raised as to the adequacy of the article to support the vote.

[6] For action where such a vote would be required, see *Mastrangelo* v. *Board of Health of Watertown,* 340 Mass. 491.

salary for one member of an elected board at a higher rate gave the board by necessary implication the authority to select the member to perform, as an elected official, the full time service for which the higher compensation was voted. That the town chose to act under an article that referred to § 4A did not restrict the power of the assessors in respect of selecting the one to serve full time.

The selection was for a period at the will of the board. The vote of December 4 terminating the plaintiff's right to full time compensation was within the power of the board. It is inconsequential whether the reason for the action was a misconstruction of law. The board did not purport to make termination conditional on the correctness of town counsel's views. Indeed, the plaintiff's bill alleges that on December 9, 1962, the plaintiff's "service as full-time assessor was terminated." Also, it appears that another member of the board was then designated to perform such service.

The final decree is vacated. A final decree is to enter in the Superior Court declaring that the plaintiff's right to receive compensation at the rate fixed for an assessor serving full time ceased on December 9, 1962.

*So ordered.*