ERNEST R. McGUINNESS, executor, *vs.* ANNIE BATES
& others.

Worcester.    January 8, 1963. — March 29, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Devise and Legacy,* General legacy, Specific legacy, Gift of stock.

Under a will reciting in its preamble the testator's desire to direct the dis-
position of "all my property" and bequeathing in various clauses to each
of several legatees a specified number of "shares of . . . stock" in a
named corporation in which at the time of the execution of the will the
testator owned many more shares than the aggregate number so be-
queathed, the bequests of stock were general, not specific, and where it
appeared that between the time of the execution of the will and the testa-
tor's death the stock was split such legatees were not entitled to any of
the additional shares issued to him in the split.

PETITION filed in the Probate Court for the county of
Worcester on November 28, 1961.

The case was heard by *Wahlstrom, J.*

*Victor E. Hillman,* for the respondents Annie Bates &
others, submitted a brief.

*John F. Donohoe* for the respondent Rev. Harold F.
Conley.

REARDON, J.    This is an appeal by four of the legatees
under the will of William A. Conley from a decree of the
Probate Court for Worcester County.    The decree was en-
tered upon a petition for instructions on the distribution of
381 shares of the common stock of American Telephone and
Telegraph Company, hereinafter called American.    The
judge made a report of material facts.    The facts are these:
The testator executed a will on November 26, 1957.    At that
time he owned 127 shares of American which was all the
stock he had.    In early 1959 American split its common
stock on a three to one basis and then issued to the testator
a certificate representing 254 shares thus making a total of
381 shares held by him until his death.

In his will the testator, after stating in the preamble his desire "to direct how all my property shall be disposed of after my death," made disposition of a portion of his stock in American to ten legatees including the four appellants. The provisions of the will affecting the four appellants and the respondent Rev. Harold F. Conley read as follows: "Fifth. I give, devise, and bequeath to Hannah Kallio three (3) shares of A T & T stock. Sixth. I give, devise, and bequeath to Annie H. Bates twelve (12) shares of A T & T stock." "Eighth. I give, devise, and bequeath to Abel J. Bates six (6) shares of A T & T stock. Ninth. I give, devise, and bequeath to David Kallio six (6) shares of A T & T stock." "Thirteenth. The rest, residue and remainder of my estate whether real, personal or mixed, wheresoever situated I give, devise, and bequeath to my nephew, Rev. Harold F. Conley."

The total number of shares of American bequeathed in the above and other provisions of the will excluding clause Thirteenth was forty-five.

The judge ruled that the bequests of American stock were general legacies and that the additional shares, the product of the "so-called split," fell within the residue. The appellants contend that the legacies to them were specific and that they are entitled to two shares of American in addition to each share left to them respectively in the several clauses of the will. We do not agree. Ordinarily a gift of stock is general. *Desoe* v. *Desoe,* 304 Mass. 231, 234. A testator's intent to make a gift specific must prevail "if it can be ascertained from the language of the whole will read in the light of the circumstances known to the testator at the time of its execution, and no positive rule of law forbids." *Desoe* v. *Desoe, supra,* 234. *Igoe* v. *Darby,* 343 Mass. 145, is a recent example of the application of that concept, in a determination that gifts of stock made by the testatrix were specific. However, as has been argued by respondent appellee, the testatrix in the *Igoe* case bequeathed the exact number of shares owned by her at the time of the execution of her will and coupled with each bequest of stock a gift of personal property which was clearly specific. In view of

those circumstances, we ruled that each share so bequeathed (also American common stock) became entitled to the additions made available by the stock split.    The facts obtaining in the *Igoe* case are distinguishable from those presented here.

In some situations the use of the word "my" in connection with bequests of stock actually owned by a testator at the time the will is executed might be sufficient to make the legacy specific.    See *Metcalf* v. *Framingham Parish,* 128 Mass. 370, 373; *Harvard Unitarian Soc.* v. *Tufts,* 151 Mass. 76, 78; *First Natl. Bank* v. *Charlton,* 281 Mass. 72, 76.    But such is not the case here where the testator used the word "my" only in the preamble of the will, and only in reference to the generic term "property."    The number of shares he bequeathed represented merely a fraction of the total number he owned when he executed his will.    He did not clearly specify except by quantity which shares he intended to bequeath.    In sum, reading the will in the light of all the circumstances known to the testator at the time of its execution, the probate judge justifiably and properly concluded that he intended more probably than otherwise to make general rather than specific legacies of his American stock.

*Decree affirmed.*