*Northern District*
No. 5964
**PAUL P. CALLAHAN**
v.
**CITY OF MALDEN**

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Brooks, P. J.* in the First District Court of Eastern Middlesex. No. 977 of 1964.

Filed January 20, 1965

*Connolly, J.* This is an action of contract in which the plaintiff seeks to recover salary as a duly elected member of the Malden City Council. The answer is a general denial, and that the G. L. c. 39, §6A, provides in part as follows:

> "Notwithstanding the provisions of any City Charter to the contrary, the mayor and the members of the City Council or other legislative body of a city, shall receive for their services such salary as the City Council or other legislative body of said city shall by ordinance determine, and shall receive no other compensation from the City."

At the trial, it was agreed THAT:

On November 5, 1963 the plaintiff was elected to the Malden City Council as a Councilor-at-Large.

On January 6, 1964, he was inducted as a member of said Malden City Council.

The plaintiff has served as a Councilor and has performed all the duties of his office, but has not received any salary for said services, and that the defendant has failed, neglected and refused to pay the plaintiff for the services so rendered and performed.

The plaintiff has been and is an employee of the School Committee of the City of Malden and is employed as a school teacher and as an Assistant Principal of the Forestdale School and for such services receives the salaries of $7400.00 and $200.00 respectively.

At the close of the trial and before the final arguments, the plaintiff made the following requests for rulings:

1. On all the evidence there should be a ruling for the plaintiff.

2. A school teacher is not a municipal officer.

3. Section 6A Chapter 39 of the General Laws applies only to salary received as a member of the City Council.

The court denied the plaintiff's requests for rulings on #1 and #3, and allowed the plaintiff's request for ruling on #2.

The court submitted the following opinion:

## CALLAHAN
v.
## CITY OF MALDEN

Plaintiff was duly elected to the City Council of the City of Malden and took oath of office on January 6, 1964. Plaintiff is also serving and has been serving as a teacher and assistant principal in the school system of said city. The salary as Councilman is by ordinance $3500.00. The salary as teacher is $7400.00 and as assistant principal is $200.00.

Plaintiff is suing the city for his salary as councilman which the Controller of Accounts has refused to certify on the ground that the plaintiff is already receiving compensation from the city for his services in the School Department.

The Controller is relying on G. L. c. 39, ♯6a which reads as follows:

"Notwithstanding the provisions of any City Charter to the contrary, the Mayor and the members of the City Council or other legislative body of the city shall receive for their services such salary as the City Council or other legislative body of said city shall by ordinance determine, and shall receive no other compensation from the city."

The argument of plaintiff is that the words "and shall receive no other compensation from the city" implies no other compensation as councilman. The language of the Statute is unequivocal. On its face it seems perfectly

clear that a city councilman shall not receive compensation from the city other than his salary as councilman. If the legislature had intended the meaning suggested or urged by plaintiff, it would have been easy and simple to add the few necessary words which plaintiff claims are now implied.

Plaintiff is not debarred from holding jobs other than city jobs. He can serve as representative in the Great and General Court. He can teach in another city. He can hold a private job.

This Statute is obviously in the public interest. That is another reason why its language should not be strained for private advantage. In my opinion the Statute means precisely what it says, namely that a city councilor is entitled to receive only one salary from the city. He is therefore not entitled to receive his pay as councilman as long as he is receiving pay as teacher and an assistant principal.

The facts having been agreed upon, the case is a "case stated" and the only issue before this Division is whether the trial judge was correct in his finding. G. L. c. 231, §126. *Rock v. Pittsfield,* 316 Mass. 348.

The plaintiff contends here, as he did in the trial court, that the words in the statute "and shall receive no other compensation from the city" means no other compensation as councilman. In support of his contention, he has filed an extensive brief replete with citations and devoted in its entirety to the

interpretation and construction of statutes. Instructive as his labors are in this area, they are not of assistance to us in this case because we agree with the trial judge that the statute in question is unequivocal.

Although we would expect the sanction contained in the statute to be one commonly used in other states, we find no cases in which it is involved with the exception of *Milwaukee v. Reiff,* 146 N.W. 1130, where different language was employed in the statute to express the sanction and where the issue was not one of interpretation.

In our own state, it is clear that subject to constitutional provisions, legislative control over the rights, powers and duties of public officials and employees is absolute. *Williams v. City Mgr. of Haverhill,* 330 Mass. 14.

One accepting a public position is presumed to do so with full knowledge of the law as to compensation and all limitations prescribed must be strictly observed. *McHenry v. Lawrence,* 295 Mass. 119.

When provision is made by statute for compensation, the right of recovery for services and the amount are determined, limited and regulated by its express terms. *Riopel v. Worcester,* 213 Mass. 15.

And there is authority for the proposition that the statute, under which compensation is claimed, must be strictly construed against the individual and in favor of the public. *U. S. v. Clough,* 55 Fed. 373.

One puzzling feature of the case is why

the plaintiff was paid his salary as a teacher and assistant principal. In our view, this was the compensation, not the salary as a councilman, that the city was barred from paying him. Having been paid the salary of a teacher and assistant principal, in spite of the statute which forbids such payment in these circumstances, the plaintiff has been overpaid and is not entitled to further compensation from the city.

There being no prejudicial error, the report is dismissed.

William R. Gilman, of Malden, for the Plaintiffs.
Max Rosenblatt, of Malden, for the Defendant.