MARION LAVIN, executrix, vs. MARION LeRoe & others. October 29, 1965. Decree affirmed with costs of appeal to be awarded in the discretion of the Probate Judge. The testatrix who, at the time of the execution of her will, owned forty shares of American Telephone and Telegraph Company stock, bequeathed them all, by definite unequal numbers of shares in eight bequests, among three generations of nephews and nieces and a church. A residuary clause established an educational trust for two great grandnephews. After the execution of the will she acquired four additional shares of telephone stock. By a codicil, which confirmed all provisions of the will, she directed that all taxes on any specific legacy be paid from the residue. As the result of a three to one split in the telephone stock, she held 132 shares at her death. On a petition for instructions, the judge, applying the principles stated in *Igoe* v. *Darby*, 343 Mass. 145, correctly concluded that the testatrix intended to dispose of all of her telephone stock and further, intended to bequeath specifically the forty shares. It follows that the additional shares resulting from the split of the specifically bequeathed forty shares belong to the specific legatees. Compare *McGuinness* v. *Bates*, 345 Mass. 632.

*Vincent M. Germani*, guardian ad litem, submitted a brief.
*Robert J. Hoffman* for Marion LeRoe & others.

PATRICK J. HENNESSEY vs. BAY STATE HARNESS HORSE RACING AND BREEDING ASSOCIATION, INC. October 29, 1965. Exceptions overruled. The evidence showed that the plaintiff performed services for the defendant under a vote to hire the plaintiff as "director of public relations." The judge ruled that the plaintiff could not recover unless he proved by a preponderance of the credible evidence that he performed the duties of director of public relations. The evidence showed and the judge found that the defendant in the same period had a " 'Director of Public Relations,' who very satisfactorily handled all matters of publicity and releasing of news incident to the operation of the track." The judge also found on adequate evidence that the purpose of the vote was "to place at the service of the [incoming] President" a man selected by him "to help, counsel and advise him in the promotion of the best interests of the defendant," and that the plaintiff rendered the services for which he was engaged. There was no error in the denial of the defendant's requests to rule that the plaintiff could not recover on the foregoing findings and ruling. *Wood* v. *Spedoni*, 328 Mass. 483, 485.

*Gerald Gillerman* for the defendant.
*Gerald May* for the plaintiff.

PAUL P. CALLAHAN vs. CITY OF MALDEN. December 2, 1965. Order dismissing report affirmed. The reasons for this decision are sufficiently stated in the opinion of the Appellate Division.

*William R. Gilman* for the plaintiff.
*Max Rosenblatt* for the defendant.