Rockingham Probate Court.
No. 6002.

IN RE GEORGE S. HARVEY ESTATE

December 30, 1970.

*Grinnell & Bureau* ( *Mr. Edward D. Bureau* orally ), for Ruth H. Hart, surviving executrix, and George S. Harvey, Jr., residuary legatee.

*Sullivan, Gregg & Horton* and *J. Jefferson Davis* ( *Mr. Davis* orally ), for Indian Head National Bank, Trustee.

GRIFFITH, J. The Judge of Probate for Rockingham County ( *Treat,* J.) transferred on an agreed statement of facts all questions raised by a petition for distribution filed by the executrix in the estate of George S. Harvey.

In his will dated November 8, 1963 the testator made the following bequest: " 4. I give and bequeath to the Indian Head National Bank of Nashua, New Hampshire, as trustee for my grandchildren, Benjamin C. Harvey and Lisa J. Harvey, and any grandchildren hereinafter born two hundred ( 200 ) shares of American Telephone and Telegraph Company stock for each of my said grandchildren. In the event there is an insufficient amount of said stock standing in my name at the time of my decease, I direct my co-executors to purchase, from other funds in my estate, a sufficient amount of said stock to make up the number of shares hereby bequeathed. In the event that there are insufficient assets in my estate to make up the number of shares of telephone stock as herein bequeathed, I then direct that the number of shares of stock standing in my name at my decease be divided evenly for the benefit of my said grandchildren and the residue of my estate be converted into cash and used to purchase an even amount of said stock for each grandchild, not exceeding, however, said two hundred ( 200 ) shares each. " The remainder of the bequest clause relating to the operation and termination of the trust is not germane to the issue in this case except as it requests the trustee to keep the investment in telephone stock and distribute the income annually to each grandchild during the life of the trust. The testator died October 21, 1966.

On November 14, 1963 the testator wrote the trustee bank telling it of the will of November 8, 1963 and stating "[a]proximately $55,000 in securities will be delivered to Indian Head National Bank as Trustee for two minor grandchildren at . . . my death. "

On November 8, 1963, the date of the will, the testator owned 315 shares of American Telephone and Telegraph Company stock worth approximately $42,000. On March 9, 1964 he exercised a right to purchase an additional fifteen shares. On June 6, 1964 the stock split two for one and he received 330 additional shares. He sold eighty shares of his total holdings subsequent to the split and there remained 550 shares in his estate at death with an approximate value of $30,000. No other grandchildren were born and the testator was survived by Benjamin C. Harvey and Lisa J. Harvey the grandchildren named in the will.

The stock split of 1964 creates the question raised by the petition for distribution. The executor has distributed to the trustee 400 shares of stock and claims that this satisfies the bequest in question. The trustee claims that it is entitled to 400 shares for each grandchild or a total of 800 shares. It appears that the executor has retained sufficient funds to satisfy this demand and that if the additional stock were purchased there would remain some $17,000 in the estate.

The stock splits which followed both World Wars I and II have given rise to a rash of cases treating the problem of stock bequests with subsequent splits. *See* Annot., 7 A.L.R.2d 276 ( 1949 ); Note, 50 Cal. L. Rev. 160 ( 1962 ); Note, 43 Marquette L. Rev. 115 ( 1959 ). Some courts have used a formulistic approach in which the bequest is first classified as specific or general. If specific they hold the bequest carries the increased stock resulting from the split ( *Igoe* v. *Darby,* 343 Mass. 145, 177 N.E.2d 676 ( 1961 ) ) and if general the residuary legatees take the additional stock. *McGuinness* v. *Bates,* 345 Mass. 632, 189 N.E.2d 212 ( 1963 ). In the last analysis the problem is not solved solely by classifying the bequest but is determined by the intent of the testator. *In re Doonan Estate,* 110 N.H. 157, 262 A.2d 281 ( 1970 ).

The case of *In re Doonan Estate, supra,* contained significant factors bearing upon the intent of the testator not present in this case. There thirteen years elapsed between the execution of the will and the testator's death, the testator was an active investor, he made substantial intervivos gifts to one of the legatees subsequent to the bequest, and the will showed an evident intent to favor the residuary legatee.

In the instant case the will initially bequeathed more shares than the testator then owned. The will instructed the executor to purchase stock with funds from the residuary to make up any deficiency even to the extent of exhausting the residuary. The bequest clearly was preferred over the residuary.

Assuming the letter to the trustee giving the approximate value of the stock at the time of the initial bequest could be considered it does not help in the solution. The approximate value of the stock then is a fact easily determined but no guarantee it will be maintained until death. No clue to his intention is given by the time lapse which is not long enough to be of any significance. It does not appear that the testator was an active investor and the odd lot sale of eighty shares prior to his death can hardly

be determinative of his intent. The will and his share holdings disclose that the testator attached no importance to possession of the requisite shares in his estate to satisfy the bequest. There is nothing in this case to indicate that the testator gave any thought to the effect on his will of the stock split. *In re Sheldon,* 249 N.Y.S.2d 953, 955 ( Sur. Ct. 1964 ); *Roberts* v. *Tamworth,* 96 N.H. 223, 225, 73 A.2d 119, 121 ( 1950 ).

Our court has suggested that the search for the testator's intent sometimes resembles the search for a black hat in a dark closet. *Roberts* v. *Tamworth,* 96 N.H. 223, 225, 73 A.2d 119, 121 ( 1950 ). Where as here there is no indication that the testator thought about the possibility of a stock split when the will was drafted or its consequences after it occurred we are required to search beyond intent. We are required to find the hat on our own head and determine what the testator would have desired if he had thought about it. *Id.*

The unique character of shares of stock bears heavily on the result here. Each share represents a percentage ownership in the company. Investors seldom consider this concept since their concern is with the market value of the stock and the dividend income it may produce. If a stock split is one hundred to one the change in the market value per share would make the lesser percentage ownership represented by a single share apparent to even the most unsophisticated investor. In the two for one split this would not be so apparent since the market value of the stock might not remain long at fifty per cent of the original share value. However, in both cases the new number of shares evidences the same proportion of ownership in the company as the original shares. If dividends are declared on the new shares the owner receives the same proportion of the company income as he would have received from the original shares.

The fact that the share numbers in this case have been doubled without action by the testator or consideration by him of the consequences should not prevent our carrying out his evident desire. The bequest gave shares representing a certain interest in the telephone company. The trustee is entitled to have shares producing the percentage of the income of the company bequeathed by the testator. We hold that in the absence of action by the testator indicating a desire to reduce the bequest the additional shares resulting from the split should be transferred to the trustee. This result is reinforced by preference indicated in the will for this bequest over the residuary bequest but absence

of this factor would not change the result. *Egavian* v. *Egavian,* 102 R.I. 740, 232 A.2d 789 ( 1967 ); *In re McFerren's Estate,* 365 Pa. 490, 76 A.2d 759 ( 1950 ); *Heinneman* v. *Colorado College,* 150 Colo. 515, 374 P.2d 695 ( 1962 ); *Warner* v. *Baylor,* 204 W. Va. 867, 134 S.E.2d 263 ( 1964 ); Annot., 7 A.L.R.2d 276, 281 ( 1949 ).

The executor is instructed that there should be distributed an additional 400 shares of American Telephone and Telegraph Company stock to satisfy the bequest.

*Remanded.*

All concurred.