GRATIA HARRINGTON & others *vs.* BOARD OF SELECTMEN
OF TISBURY.

Dukes County.   December 3, 1975. — February 2, 1976.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Municipal Corporations,* Officers and agents, By-laws and ordi-
nances.   *Tisbury.*
A town by-law barring selectmen from holding any other elective
town office did not constitute an amendment of a special act
providing for a board of water commissioners "consisting of three
legal voters of the town" and thus compliance with the require-
ments of the Home Rule Procedures Act, G. L. c. 43B, was not a
condition precedent to the by-law's application to a water com-
missioner elected to the board of selectmen.   [653-655]
A town by-law barring a selectman from holding any other elective
town office did not constitute a change in the composition of the
board of selectmen in violation of § 13 of G. L. c. 43B, the Home
Rule Procedures Act.   [655]

CIVIL ACTION commenced in the Superior Court on
July 29, 1974.
The case was heard by *Roy,* J.
After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Douglas A. Randall* for the plaintiffs.

*E. Peter Mullane,* Town Counsel, for the Board of Selectmen of Tisbury.

WILKINS, J. At its 1973 annual town meeting, the town of Tisbury (town) adopted a by-law which purported to bar any selectman elected after December 31, 1973, from holding any other elective town office. The by-law, which is set forth in full in the margin,[1] provides that, if any such selectman holds another elective town office, that other office shall become vacant on his becoming a selectman. In 1973, one of the three defendant selectmen, Manuel M. Maciel, was elected to a three-year term as a water commissioner. He stood successfully for election to the board of selectmen in 1974. The plaintiffs, who are residents and taxpayers of the town, brought this proceeding seeking, in effect, both a determination that there is a vacancy on the board of water commissioners and an order that the defendant selectmen act to fill that vacancy.

The defendants argue that the by-law is invalid, at least as applied to membership on the board of water commissioners. They contend that the by-law has the effect of amending the special act providing for the establishment of a water supply system in the town and directing the election of a board of water commissioners (see St. 1905, c. 394). Section 9 of that special act provides for a board of water commissioners "consisting of three legal voters of the town." The defendants say that the by-law attempts to restrict the plain language of the special act by excluding selectmen from serving on the water board.

---

[1] The by-law, which was approved by the Attorney General and published as required by law, reads as follows:

"1. No person elected Selectman on or after January 1, 1974 shall hold any other elective Town Office during his term of office as Selectman.

"2. If a Selectman elected on or after January 1, 1974 holds any other Town elective office during his term of office as Selectman, the other office held by that person shall thereupon become vacant."

They argue that this purported amendment of the special act is invalid because it was not adopted in compliance with the requirements of the Home Rule Procedures Act (G. L. c. 43B).

We reverse the judgment for the defendants because we believe that when Maciel chose to run for selectman and assumed office, the by-law operated to create a vacancy on the water board, and, for reasons subsequently stated, we remand this matter for further proceedings in the Superior Court.

Statute 1905, c. 394, is a special law relating to the individual town and has "the force of an existing . . . town charter." See art. 2, § 9, of the Amendments to the Constitution of the Commonwealth, supplanted by art. 89 of those Amendments, commonly known as the Home Rule Amendment. A special law which has the force of a town charter may be amended only as provided in the Home Rule Amendment and in the Home Rule Procedures Act. See G. L. c. 43B, § 10 (e), inserted by St. 1966, c. 734, § 1. The plaintiffs concede that the town did not follow the procedures prescribed in G. L. c. 43B, § 10, in adopting the by-law involved here, but they argue that the by-law is not an amendment of the town charter and that, therefore, compliance with the procedures set forth in § 10 of G. L. c. 43B was not a condition precedent to the by-law's application to a water commissioner who chooses to run for, is elected to, and assumes office on the board of selectmen. See *Rugg* v. *Town Clerk of Arlington*, 364 Mass. 264 (1973), for an opinion concerning dual office holding.

The 1973 by-law is not an amendment of St. 1905, c. 394. On its face, the by-law does not undertake to amend the special act, and it does not do so indirectly. The by-law addresses the problem of dual office holding by members of the board of selectmen. It does not focus on dual office holding by water commissioners and places no direct, express restriction on membership on the board of water commissioners. It does, of course, have the

effect of preventing any water commissioner from re-
taining his membership on the board of water commis-
sioners if he assumes office as a selectman, but we do not
regard such a by-law limitation as an amendment of the
special act.   It says, in effect, that anyone who runs
successfully for the board of selectmen will be treated as
having resigned from any other elective town office when
he assumes office as a selectman.

The defendants argue further that, even if the by-law
is not an amendment of the town charter, it is invalid
because § 13 of the Home Rule Procedures Act forbids a
"change in the composition . . . of . . . the board of
selectmen" by a by-law and mandates that such a change
must be accomplished only under procedures for the
adoption, revision, or amendment of a town charter.
A by-law forbidding dual office holding by persons
subsequently elected to the board of selectmen is not a
change in the "composition" of the board of selectmen.
Cf. *Lane* v. *Johnson,* 283 N.Y. 244, 260-261 (1940);
*Neils* v. *Yonkers,* 38 Misc. 2d 691, 695-696 (N.Y. Sup.
Ct. 1962).   The by-law does not change the number of
persons who are to serve on the board of selectmen or the
method of their selection.   Nor does it restrict member-
ship on the board of selectmen.

The defendants suggest that the royal charter granted
to the town in 1671 has some continuing effect but do
not argue that the by-law amends that charter.   Thus,
we have no question under the royal charter.   In any
event, in light of events in 1775 and immediately there-
after, we doubt that the operation of the government of
the town of Tisbury is regulated now by a charter granted
"at Forte James in New Yorke on ye Island of Manhat-
tans" by a representative of Charles II.[2]

---

[2] We suspect that the town has long since ceased to fulfil the
expressed annual obligation of its inhabitants to deliver "Two Barrells
of Good Merchantable Cod-fish . . . at ye Bridge" in New York City
to the Duke of York, "his Heires & Assignes," or duly appointed
Governor.

Although we conclude that a vacancy on the board of water commissioners was created when Manuel M. Maciel assumed office as a selectman and that the plaintiffs are entitled to a declaratory judgment to that effect, we do not order entry of a judgment directing the selectmen to fill the vacancy under G. L. c. 41, § 11.[3]  Section 9 of St. 1905, c. 394, provides in part that "[a]ny vacancy occurring in the board from any cause may be filled by the remaining members of the board until the next annual town meeting, when the unexpired term, if any, shall be filled by the town."  The members of the board of water commissioners are not parties to this proceeding, and the parties have not considered the possibility that the provisions of the 1905 act, a special act, prevail over G. L. c. 41, § 11, a subsequently enacted general law.  See *Marshal House, Inc.* v. *Rent Control Bd. of Brookline*, 358 Mass. 686, 698 (1971), and cases cited.  The plaintiffs may choose to seek to add the water commissioners as defendants.[4]  We reverse the judgment and remand the case to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*

---

[3] Under G. L. c. 41, § 11, if no notice of a vacancy on a board of two or more members is given by the remaining member or members within one month of the vacancy, the selectmen alone must fill the vacancy.

[4] Perhaps the selectmen and the remaining water commissioners could obviate the need to answer the question of the application of G. L. c. 41, § 11, or the special act in these circumstances by settling on a single choice for a successor and each board voting to appoint that person.