EDWARD OSETEK vs. CITY OF CHICOPEE & others.

Hampden.    March 3, 1976. — April 8, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& WILKINS, JJ.

*Municipal Corporations,* Officers and agents, Employees. *Constitutional
Law,* Public employment, Public office.

G. L. c. 39, § 6A, prohibits a school teacher of a city who has been
elected an alderman from receiving compensation from the city for
both positions [112-113]; no applicable constitutional limitation pre-
cludes such prohibition [111-112].

BILL IN EQUITY filed in the Superior Court on January
18, 1974.
The suit was reported to the Appeals Court by *Moriarty,*
J. The Supreme Judicial Court, on its own initiative, or-
dered direct review.
*S. Thomas Martinelli* for the plaintiff.
*Michael J. Murphy,* Assistant City Solicitor, for the
city of Chicopee & others, submitted a brief.

BRAUCHER, J.    The plaintiff has been a school teacher
in the city of Chicopee since 1967, and was elected an
alderman in 1973. We are asked to decide whether he can
receive compensation for both positions. Following our
decision in *Callahan* v. *Malden,* 349 Mass. 773 (1965), we
hold that such dual compensation is forbidden by G. L.
c. 39, § 6A, as appearing in St. 1958, c. 72, § 1.[1] We also
hold that there is no violation of the plaintiff's constitu-
tional rights.

---

[1] "Notwithstanding the provisions of any city charter to the con-
trary the mayor and the members of the city council or other legislative
body of a city, shall receive for their services such salary as the city
council or other legislative body of said city shall by ordinance deter-
mine, and shall receive no other compensation from the city...."

The case was submitted to the Superior Court on a statement of agreed facts. The judge wrote a comprehensive and thoughtful opinion and reported the case to the Appeals Court for such decree "as justice and equity may require." G. L. c. 214, § 31, repealed by St. 1973, c. 1114, § 62. G. L. c. 231, § 111, as appearing in St. 1973, c. 1114, § 199. Mass. R. A. P. 5, 365 Mass. 847 (1974). We transferred the case to this court on our own motion.

The judge ruled that G. L. c. 39, § 6A, and two other statutes, G. L. c. 39, § 8, and G. L. c. 268A, § 20, were inapplicable. No argument is now presented as to his ruling on G. L. c. 39, § 8, and in view of our holding as to G. L. c. 39, § 6A, we do not consider G. L. c. 268A, § 20.

As to G. L. c. 39, § 6A, the judge noted that a conflict in Appellate Division decisions had been resolved by our decision in the *Callahan* case. Compare *Stedman* v. *Gardner,* 25 Mass. App. Dec. 69 (1962), with *Callahan* v. *Malden,* 30 Mass. App. Dec. 153, aff'd, 349 Mass. 773 (1965). He also noted a subsequent Superior Court decision, *Sheets* v. *Quincy,* Eq. No. 111565, Superior Court, Norfolk County, February 7, 1974, which followed the same reasoning as the *Stedman* case. He would be bound by the *Callahan* decision, he said, were it not for our decision in *Rugg* v. *Arlington,* 364 Mass. 264 (1973). He read the *Rugg* case and *Bullock* v. *Carter,* 405 U.S. 134, 142-144 (1972), as requiring that a statute restricting the right of candidates to run for public office be shown to promote some "compelling governmental interest." He was unable to find such an interest in the present case, and, to avoid a serious constitutional question, he read G. L. c. 39, § 6A, as limiting only compensation for performance of the plaintiff's duties as an alderman. In view of his departure from the *Callahan* decision, however, he reported the case.

1. *Constitutional issues.* We think the plaintiff's constitutional claims are insubstantial. Cf. *Boston Police Patrolmen's Ass'n* v. *Boston,* 367 Mass. 368, 373-375 (1975). The simultaneous holding of more than one public office or employment is a traditional subject of public concern. See 1975 House Doc. No. 6475, at 110-124; 2A C. Antieau,

Municipal Corporation Law, § 22.02, at 213-217 (1974);
3 E. McQuillin, Municipal Corporations §§ 12.66-12.67b
(3d ed. rev. 1973); C. Rhyne, Municipal Law § 8-6 (1957).
Constitutional restrictions are common. See, e.g., U.S.
Const., art. I, § 6 (second par.); art. 65 of the Amendments
to the Constitution of Massachusetts; *Opinion of the Justices*, 303 Mass. 615, 624-625 (1939). There is a common
law principle against holding incompatible positions. *Russell* v. *County of Worcester*, 323 Mass. 717, 719 (1949).
*Attorney Gen.* v. *Henry*, 262 Mass. 127, 132-133 (1928),
and cases cited. But statutes limiting dual employment
in cases not within the common law principle are common.
See, e.g., *Everett* v. *Curnane*, 329 Mass. 490, 491-492
(1952); cf. *Harrington* v. *Selectmen of Tisbury*, 369 Mass.
652, 654 (1976).

The plaintiff's reliance on our opinion in *Rugg* v. *Arlington*, 364 Mass. 264, 267-268 (1973), is misplaced. We found
a serious constitutional question presented by a prohibition against giving up one office in order to be a candidate
for another. We therefore read the statute as "confined to
its obvious purpose of preventing one person from holding
two of the specified offices at the same time." *Id.* at 268.
We did not in any way suggest that a prohibition against
dual office holding raised a serious constitutional question.

In our opinion dual office holding and dual public employment raise problems which may properly be considered by the Legislature. In the absence of an applicable
constitutional limitation, we must abide by the legislative
solution. We are not to be understood as expressing any
opinion as to the wisdom of the legislation.

2. *Statutory interpretation.* We recognize that experienced judges have not agreed on the proper interpretation
of G. L. c. 39, § 6A. But in *Callahan* v. *Malden*, 349 Mass.
773 (1965), we affirmed a decision that the statute forbids
dual compensation and is not limited to compensation for
services rendered as mayor, member of the city council, or
alderman. The Legislature has not changed the statute,
and we stand by that decision.

3. *Disposition.* In the *Callahan* case, the Appellate Division said that the statute barred the city from paying the plaintiff his salary as a teacher, not his salary as a councilman. Although that statement was not necessary to the decision, we agree that it is the straight-forward reading of the statute. By stipulation in the present case, however, the plaintiff has received and is receiving his salary as a teacher, and his salary as an alderman is being withheld, without prejudice to the rights of either party and subject to adjustment after the issues have been finally determined.

The plaintiff was sworn in as an alderman in January, 1974, and filed his petition for declaratory judgment the same month. It is the purpose of our declaratory judgment statute "to remove, and to afford relief from, uncertainty and insecurity" with respect to legal relations. G. L. c. 231A, § 9, inserted by St. 1945, c. 582, § 1. Delay in obtaining a binding determination does not seem to be attributable to the plaintiff, and the city seems to have received the benefit of his services as a teacher during the litigation. The plaintiff should now be permitted to make a prompt election as to his course for the future. We express no opinion as to whether G. L. c. 39, § 6A, or the stipulation compels a retroactive adjustment of salary. Cf. *Revis* v. *Harris*, 219 Ark. 586, 590-591 (1951).

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*