Connon, Richard F., J.
Plaintiff J. Gregory Milne (“Milne”) brought this action against the Clerk of the Town of Barnstable (the “Town Clerk”)[1] to require her to swear him into two elected positions. The people of Barnstable elected Milne to serve as a member of Town Council and as a member of the Barnstable Charter Commission (“Charter Commission”) on November 6, 2007. The Town Clerk declined to swear Milne into both positions, based on the Town’s interpretation of its Charter, which permits “[a]ny voter ... to hold any elective town office provided that no person shall simultaneously hold more than one elective town office.” Barnstable Town Charter, pt. II, §3-2. Milne was sworn into office as a member of Town Council and filed this motion for preliminary injunction to force the Town Clerk to swear him into office as a member of the Charter Commission so that he could serve in both positions simultaneously.

BACKGROUND

The facts presented to the court are not in dispute. The people of Barnstable expressed their support for Milne by voting in favor of his re-election to Town Council[2] and voting for him to serve as a member of the Charter Commission[3] on November 6,2007. Milne avers that he can serve in both positions, while the Town believes that he can only serve in one of the two. Milne has since been sworn into office as a Town Councilor, but he has not been sworn into office as a member of the Charter Commission. At issue then, is the question of whether Milne may serve as a Town Councilor and a member of the Charter Commission simultaneously.
The Town of Barnstable operates under a Charter, enacted by the people of Barnstable pursuant to the Home Rule Procedures Act, G.L.c. 43B. Milne and the Town Clerk cite the same two provisions of the Town Charter to support their respective positions. Those provisions are:
Pt. Ill, §3-1 Elective Town Officers in General
*489 In addition to the town council, the offices to be filled by the voters shall be a school committee, a town clerk, a town collector and a housing authority and such other regional authorities, districts, or committees as may be established by law or inter-local agreement.
Pt. Ill, §3-2 Eligibility
Any voter shall be eligible to hold any elective town office provided that, no person shall simultaneously hold more than one elective town office.
The Charter reserves the Town’s power to govern itself to the fullest extent permitted by the Constitution of the Commonwealth. Barnstable Town Charter, pt. I, §1-4. This power includes the Town’s intent to construe and interpret its own powers liberally in its own favor. Id., § 1 -5. The Town Charter vests the Town Clerk with the authority and responsibility to oversee elections “and all matters related thereto.” Barnstable Town Charter, pt. Ill, §3-4(c); see G.L.c. 41, §15 (describing powers and duties of town clerks).
“Every city and town shall have the power to adopt or revise its charter or to amend its existing charter . . .” G.L.c. 43B, §2. The Home Rule Procedures Act specifies the steps for convening a charter commission and electing members to serve on such a commission. A charter commission must hold its first public meeting within forty-five days after its election, and a charter commission normally exists for approximately two years. G.L.c. 43B, §9. The Home Rule Procedures Act calls for nine members to serve on the charter commission; however, a charter commission can proceed with fewer than nine members. G.L.c. 43B, §7. The charter commission enjoys no independent authority to amend a town’s charter — the voters retain the right to adopt or reject the recommendations of a charter commission. G.L.c. 43B, §11.

DISCUSSION

A request for preliminary injunction requires the court to make a determination based upon “an abbreviated presentation of the facts and the law.” Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616 (1980). The court must seek to “minimize the harm that final relief cannot redress by creating or preserving, in so far as possible, a state of affairs such that after the full trial, a meaningful decision may be rendered for either party.” Id. (internal quotation and citation omitted). In striving for that goal at this stage of litigation, the court considers the harm the moving party may suffer if the injunction is not issued, the party’s likelihood of success on the merits, the balance of equities between the parties, Id. at 615-18, and here, the court should consider the public’s interest. Biotti v. Bd. of Selectman of Manchester, 25 Mass.App.Ct. 637, 640 (1988).
Milne failed to show that he or the public will suffer irreparable harm if the Town Clerk does not swear him in as a member of the Charter Commission.[4] The Charter Commission can proceed with fewer than nine members. G.L.c. 43B, §7. Milne can participate in Charter Commission activities as a member of the public. Moreover, the Home Rule Procedures Act contemplates active participation in the Charter Commission by current town officials. G.L.c. 43B, §8(b) (The cily or town “shall permit [the commission] to consult with and obtain advice and information from city or town officers . . .”). Milne could initiate some changes to the Town’s Charter by way of his service as a member of the Town Council. G.L.c. 43B, §10. Both Milne and the Charter Commission can continue to operate and work together during the pendency of this litigation.
Milne also argues that the Town Clerk’s action denies him his right to be elected as protected by Article 9. The Supreme Judicial Court has characterized that right as “fundamental” but “not absolute” because it “is subject to legislation reasonably necessary to achieve legitimate public objectives.” Opinion of the Justices to the Senate, 413 Mass. 1201, 1209-10 (1992). Simultaneously holding more than one office is a matter of public concern. Osetek v. City of Chicopee, 370 Mass. 110, 111 (1976). The Town Clerk’s limitation on Milne’s ability to simultaneously serve in two elected positions does not unconstitutionally impinge upon Milne’s Article 9 rights.
This court cannot discern whether the public’s interest supports Milne’s position or the town’s position.[5] Above all, the public desires an efficient, effective, and representative form of government. To the extent the people of Barnstable want Milne to serve in both positions simultaneously, forcing the Town Clerk to swear him into both offices via preliminary injunction would prohibit a full and meaningful trial on the merits. As already discussed, Milne can participate in the Charter Commission as a Town Councilor and as a member of the public. Therefore, the public will not suffer irreparable harm if the Town Clerk does not immediately swear Milne into office.
Milne’s alleged harm must be measured against the likelihood of his success on the merits. Commonwealth v. Mass. CRINC, 392 Mass. 79, 87-88 (1984). The Town Clerk and Milne have raised compelling arguments in their briefs and during their hearing on this motion. This court follows the Commonwealth’s tradition of extending some deference to a town’s own interpretation of its Charter. Atkinson v. Town of Ipswich, 34 Mass.App.Ct. 663, 666 (1993). Therefore, the court declines to determine the merits of this case, save for its observation that Milne has failed to convince this court that he has a substantial likelihood of success.
This court concludes that Milne’s motion for a Preliminary Injunction should be denied because he has failed to show that he will suffer irreparable harm.

ORDER

For the forgoing reasons, it is ORDERED that the plaintiffs motion for injunctive relief be DENIED.

Linda Hutchenreider serves as the Clerk of the Town of Barnstable.

Milne ran as an unopposed candidate in Precinct 13. Members of the Town Council receive compensation and benefits for their service. Barnstable Town Charter, pt. II, §2-12.

Nine members are elected to the Charter Commission. Milne received the second highest number of votes, thereby winning a seat on the Charter Commission. Charter Commission members do not receive any compensation or benefits. G.L.c. 43B, §7.

Since Milne was not sworn into both positions, this court need not address the town’s observation that he would have vacated his seat on town council pursuant to Russell v. County of Worcester, 323 Mass. 717 (1949). If the Town Clerk had sworn Milne into office as a Town Councilor, and then as a member of the Charter Commission, the prospect of immediate and irreparable harm would have been more serious because his duties and responsibilities as a Town Councilor would have been jeopardized. Here, the Town Clerk permitted Mike to decide which position he wanted to assume in advance, in accord with Osetek v. City of Chicopee, 370 Mass. 110 (1976).

The voters may have expected Milne to serve in both positions or the voters may have expected him to choose one of the positions.